REID COLLINS & TSAI LLP
Jason A. Cairns (State Bar No. 24097447)
  jcairns@reidcollins.com
1301 S. Capital of Texas Hwy, Suite C300
Austin, TX 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129

TECHFREEDOM
Corbin K. Barthold (*pro hac vice* admission pending)
  cbarthold@techfreedom.org
110 Maryland Ave NE, Suite 205
Washington, DC 20002
Telephone: (925) 788-6847

Attorneys for *Amicus Curiae* TechFreedom

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | |
|---|---|
| NETCHOICE, LLC d/b/a NetChoice, a 502(c)(6) District of Columbia organization; COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION d/b/a CCIA, a 501(c)(6) non-stock Virginia Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>KEN PAXTON, in his official capacity as Attorney General of Texas,<br><br>Defendant. | Case No. 1:21-cv-840-RP<br><br>**MOTION OF TECHFREEDOM TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

## I. INTRODUCTION

Texas has passed an unconstitutional online speech code, HB 20, that, if allowed to take effect, will harm social media websites, and social media users, across the United States and around the world. See Dkt. 12 at 39-43. Several Texas politicians have even boasted that the law takes aim directly at "Silicon Valley" and the "West Coast." See *id*. at 6-7. Having crowned itself a nationwide social media regulator, Texas cannot claim surprise when the lawsuit challenging its blatantly unconstitutional law attracts nationwide attention.

TechFreedom is a public interest organization dedicated to preserving civil liberties on the Internet. It believes that HB 20, with its punitive reporting and process requirements, and its unprecedented (and impossible) demand for viewpoint neutrality, is a grave threat to freedom of speech. Texas is trying to smuggle this oppressive law past the First Amendment disguised as a "common carriage" measure. TechFreedom has a deep understanding of the theory that social media can be treated like common carriage. Its experts have long been studying, writing about, debating, and thoroughly debunking that theory.

TechFreedom respectfully requests leave to file an *amicus curiae* brief discussing the history of common carriage, its core elements, the case law surrounding it, what it meant at common law, what it has meant in telecommunications law, and, above all, why it is not a useful concept in a discussion of social media and the First Amendment.

In accord with Local Rule 7(g), TechFreedom has conferred with the parties. The plaintiffs consent to the filing of TechFreedom's brief. Texas opposes.

## II. INTEREST OF AMICUS CURIAE

TechFreedom is a nonprofit, nonpartisan think tank based in Washington, D.C. It is organized under Section 501(c)(3) of the Internal Revenue Code. TechFreedom has no parent corporation, it issues no stock, and no publicly held corporation owns an interest in it. No party's counsel authored any part of TechFreedom's proposed *amicus* brief. No one, apart from TechFreedom and its counsel, contributed money intended to fund the brief's preparation or submission.

TechFreedom is dedicated to educating policymakers, the media, and the public about technology policy. It defends the freedoms that make technological progress both possible and beneficial, including the civil liberties that protect freedom of speech online.

TechFreedom has closely studied recent state efforts to regulate social media. Its experts have written and spoken extensively on those laws' constitutional infirmities, as well as why those infirmities cannot be fixed by a "common carriage" theory. See, e.g., Corbin K. Barthold, *Social Media and Common Carriage: Lessons From the Litigation Over Florida's SB 7072*, WLF Legal Backgrounder, https://bit.ly/3FmvYzl (Sept. 24, 2021); UCLA School of Law, *A Space for Everyone? Debating Online Platforms and Common Carriage Rules*, YouTube, https://bit.ly/3Dfa3Ir (June 4, 2021) (debate between TechFreedom President Berin Szóka and Professor Eugene Volokh); Berin Szóka & Corbin K. Barthold, *Justice Thomas's Misguided Concurrence on Platform Regulation*, Lawfare, https://bit.ly/2YxGxPo (Apr. 14, 2021); Berin Szóka & Ari Cohn, *It is Not the Government's Job to Promote 'Fairness' Online*, Salt Lake Tribune, https://bit.ly/3FjCjeR (Apr. 9, 2021); Corbin K. Barthold & Berin Szóka, *Florida's History of Challenging the First Amendment Shows DeSantis' 'Tech Transparency' Bill is Doomed*, Miami Herald, http://hrld.us/2ZPzqCf (Mar. 25, 2021); Corbin K. Barthold & Berin Szóka, *No, Florida Can't Regulate Online Speech*, Lawfare, https://bit.ly/3iBFk0h (Mar. 12, 2021).

In *NetChoice LLC v. Moody*, 4:21-cv-220 (N.D. Fla.), the litigation over Florida's SB 7072, TechFreedom filed an *amicus* brief similar to the one it seeks to file here, *id*. Dkt. 55.

### III. <u>STANDARD</u>

Although no procedural rule explicitly governs the filing of *amicus* briefs in the district court, it generally makes sense "to grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs" are not "desirable and … relevant to the disposition of the case." *Neonatology Associates, P.A. v. C.I.R*, 293 F.3d 128, 131-32 (3d Cir. 2002) (Alito, J.) (discussing Fed. R. App. P. 29). "Even when a party is very well represented, an *amicus* may provide important assistance to the court." *Id*. at 132. *Amicus* briefs "can contribute" to the disposition of a case "in clear and distinct ways," including by "offering a different analytical approach to the legal issues," by "explaining the broader regulatory … context," or by "highlighting … legal nuance

glossed over by the parties." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers).

## IV. ARGUMENT

Texas appears to understand that, under a conventional First Amendment analysis, HB 20 is doomed. Hence its attempt to insulate its new law from such analysis under the guise of "common carriage." See HB 20 §§ 1(3), (4). There is, however, a long history, a deep academic literature, and extensive case law behind the concept of common carriage. Throwing it around as a mere label is deeply unhelpful. The concept needs and deserves brief-length analysis—which is precisely what TechFreedom's brief provides.

TechFreedom's brief addresses Texas's "common carrier" theory as follows:

*First*, the brief explains what common carriage is, and why the concept cannot be glommed onto social media. Among other problems, common carriage is about *carriage*, i.e., transportation, whereas social media are a diverse array of media products (microblogs, videochats, photo streams, and so on) whose purpose is to facilitate expressive activity.

*Second*, the brief explains that, contrary to HB 20's naked assertions, social media display none of the indicia of traditional common carriage. For example, social media websites have not "enjoyed governmental support." See § 1(3). They certainly have not received anything akin to the exclusive public easements that gave railroads and telegraph companies *de facto* geographic monopolies.

*Third*, the brief explains why three Supreme Court cases often cited as support for the common carrier theory—*PruneYard Shopping Center v. Robins*, 447 U.S. 74 (1980); *Rumsfeld v. FAIR*, 547 U.S. 47 (2006); and *Turner Broadcasting System, Inc. v. FCC*, 512 U.S. 622 (1994)—are inapposite. These cases show, at most, that one speaker can sometimes be required to host another speaker if doing so does not "interfer[e]" with the host speaker's "desired message." *Rumsfeld*, 547 U.S. at 64. The whole point of HB 20, by contrast, is to "interfere" with social media websites' "desired message."

*Fourth*, the brief observes that, at common law, common carriers were never required to serve customers utterly blind to their behavior. Common carriers have always been entitled to

refuse service, or bar entry, to anyone who misbehaves, disrupts the service, harasses other patrons, and so on. Because HB 20 tries to force websites to serve *even* such people, it is not itself a proper common carriage regulation.

In sum, TechFreedom's brief will assist the Court by shedding light on the history, context, and jurisprudence of common carriage; by showing how common carriage differs from social media; and by confirming common carriage's irrelevance in a case that is, at root, about the interwoven relationship between social media and the First Amendment.

## V.   CONCLUSION

TechFreedom's motion to file an *amicus curiae* brief should be granted.

October 8, 2021

            /s/ Jason A. Cairns
            Jason A. Cairns

REID COLLINS & TSAI LLP
Jason A. Cairns (Bar No. 24097447)
   jcairns@reidcollins.com
1301 S. Capital of Texas Hwy, Suite C300
Austin, TX 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129

TECHFREEDOM
Corbin K. Barthold (*pro hac vice* admission pending)
   cbarthold@techfreedom.org
110 Maryland Ave NE, Suite 205
Washington, DC 20002
Telephone: (925) 788-6847

Attorneys for *Amicus Curiae* TechFreedom

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October 2021, the foregoing Motion of TechFreedom to File *Amicus Curiae* Brief in Support of Plaintiffs' Motion for Preliminary Injunction was filed with the Clerk of the Court and served on all counsel of record in this case using the Court's CM/ECF system.

/s/ Jason A. Cairns
Jason A. Cairns