**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| NETCHOICE, LLC d/b/a NetChoice, a 501(c)(6) District of Columbia organization, | § § § § | |
| and | § § | |
| COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION d/b/a CCIA, a 501(c)(6) non-stock Virginia Corporation | § § § § | Civil Action No. 1:21-cv-00840-RP |
| *Plaintiffs*, | § § § | |
| v. | § § | |
| KEN PAXTON, in his official capacity as Attorney General of Texas | § § § | |
| *Defendants*. | § § | |

**OPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*
ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

Thomas S. Leatherbury
VINSON & ELKINS L.L.P.
2001 Ross Avenue
Suite 3900
Dallas, Texas 75201-2975
214.220.7700 (telephone)
214.999.7792 (facsimile)
tleatherbury@velaw.com

David Greene (*Pro Hac Vice* pending)
Mukund Rathi (*Pro Hac Vice* pending)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, California 94109
415.436.9333 (telephone)
415.436.9993 (facsimile)
davidg@eff.org

*Attorneys for Amicus Curiae
Electronic Frontier Foundation*

Electronic Frontier Foundation (EFF) files this Opposed Motion for Leave to File Brief of *Amicus Curiae* in Support of Plaintiffs' Motion for Preliminary Injunction, and would respectfully show the Court as follows:

EFF is a member-supported, non-profit digital civil liberties organization that works to protect free speech and the First Amendment right of users of technology to gather, transmit, and receive information online. As such, *amicus* has a strong interest in this Court ensuring protection of the First Amendment rights of privately-owned websites or applications to exercise editorial discretion and moderation over their own platforms. Founded in 1990, EFF has over 38,000 members. EFF represents the interests of technology users in both court cases and broader policy debates surrounding the application of law to technology. EFF has filed amicus briefs in many cases in multiple forums, including the challenge to the Florida law similar to HB 20, the Texas law at issue here. *See, e.g.*, *NetChoice, LLC v. Moody*, No. 4:21-CV-220, 2021 WL 2690876 (N.D. Fla. June 30, 2021), *appeal filed*, No. 21-12355-GG (11th Cir. July 12, 2021); *Woodhull Freedom Found. v. United States*, No. 18-cv-1552 (D.D.C. 2018) (counsel to plaintiffs bringing a First Amendment challenge to Allow States and Victims to Fight Online Sex Trafficking Act of 2017); *PETA v. Young*, No. 18-cv-01547 (S.D. Tex. 2018) (counsel to a plaintiff bringing a First Amendment challenge to Texas A&M's blocking plaintiff from posting on the university's official Facebook page); *Packingham v. North Carolina*, 137 S. Ct. 1730, 1735-36 (2017) (cited as amicus curiae in case holding that state law prohibiting access to social media services violated the First Amendment); *Prager Univ. v. Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020) (appearing as amicus curiae in support of Google's First Amendment rights to moderate user-generated content).

Amicus seeks leave to file its brief so that the Court can understand how the First Amendment issues created by HB 20 negatively affect internet users who rely on online social

media platforms to speak, to organize, and to build communities. As amicus's brief explains, the First Amendment provides online services with the right to determine whether and how to host online speech, a bulwark against government regulation that also benefits users by allowing platforms to decide whether to create moderated or unmoderated platforms. HB 20 coerces platforms into not moderating the online speech of speakers whose speech violates the platforms' community guidelines.

By prohibiting online platforms from moderating users' online speech, the law limits the ability for individual platforms to set their own rules for the kinds of users and speech they will allow. This limitation violates platforms' First Amendment rights while also foreclosing the availability of diverse online forums, undermining internet users' interests.

As amicus's brief explains, online platforms' inconsistent and opaque moderation decisions can have significant consequences for internet users' speech. To prevent this issue, the public should scrutinize platforms' moderation decisions and push them to voluntarily adopt practices that follow a reasonable human rights framework appropriate for their platform. This solution allows platforms the flexibility to tailor their community guidelines to accommodate the public demand while also serving the goals of the platform. Instead, HB 20 unconstitutionally coerces platforms to adopt Texas's preferred content moderation practices, despite such coercion being barred by binding Supreme Court precedent.

EFF has attached its proposed amicus brief. Amicus believes its brief will assist this Court's review of HB 20 while ensuring that it understands the public benefit of both unmoderated and moderated online platforms.

Plaintiffs consent to the filing of this amicus brief; Defendant opposes it.

## PRAYER

WHEREFORE, Electronic Frontier Foundation respectfully prays that this Court **GRANT** this Motion for Leave to File Brief of *Amicus Curiae*, **ORDER** that the attached Brief of *Amicus Curiae* be filed, and **GRANT** *Amicus Curiae* all other relief to which it may be justly entitled.

Dated: October 8, 2021                                Respectfully submitted,

                                                  /s/ Thomas S. Leatherbury
                                                  Thomas S. Leatherbury
                                                  State Bar No. 12095275
                                                  VINSON & ELKINS L.L.P.
                                                  Trammell Crow Center
                                                  2001 Ross Avenue
                                                  Suite 3900
                                                  Dallas, Texas 75201-2975
                                                  214.220.7700 (telephone)
                                                  214.999.7792 (facsimile)
                                                  tleatherbury@velaw.com

                                                  David Greene (*Pro Hac Vice* pending)
                                                  Mukund Rathi (*Pro Hac Vice* pending)
                                                  Electronic Frontier Foundation
                                                  815 Eddy Street
                                                  San Francisco, California 94109
                                                  415.436.9333 (telephone)
                                                  415.436.9993 (facsimile)
                                                  davidg@eff.org

                                                  *Attorneys for Amicus Curiae*
                                                  *Electronic Frontier Foundation*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred by email with Steven Lehotsky, counsel for Plaintiffs.  I further conferred by email on October 5, 2021, with Courtney Corbello, counsel for Defendant, regarding the relief requested in this motion.  Plaintiff does not oppose the requested relief. Defendant opposes the requested relief.

 */s/  Thomas S. Leatherbury*
Thomas S. Leatherbury

## CERTIFICATE OF SERVICE

I hereby certify that, on October 8, 2021, I served a true and accurate copy of the foregoing document on all counsel of record via filing of the same with the Court's CM/ECF system.

 */s/  Thomas S. Leatherbury*
Thomas S. Leatherbury