IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NETCHOICE, LLC d/b/a NETCHOICE, *a 501(c)(6) District of Columbia organization*, and COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION d/b/a CCIA, *a 501(c)(6) non-stock Virginia Corporation*,<br><br>Plaintiffs,<br><br>v.<br><br>KEN PAXTON, *in his official capacity as Attorney General of Texas*,<br><br>Defendant. | § § § § § § § § § § § § § § § | 1:21-CV-840-RP |

**ORDER**

Before the Court are Defendant Ken Paxton's ("Defendant") Motion for Expedited Discovery, (Dkt. 20), Defendant's Motion for Extension, (Dkt. 21), and the related briefing, (Resp., Dkt. 22; Reply, Dkt. 24). After considering the parties' briefs, the record, and the relevant law, the Court grants in part both motions.

Defendant seeks expedited discovery in advance of filing a response to Plaintiffs NetChoice, LLC d/b/a NetChoice, a 501(c)(6) District of Columbia organization, and Computer & Communications Industry Association d/b/a CCIA, a 501(c)(6) non-stock Virginia corporation's ("Plaintiffs") Motion for Preliminary Injunction ("PI motion"),[1] (Dkt. 12). (Mot. Discovery, Dkt. 20). To accommodate the discovery sought, Defendant also requests a 60-day extension to file its response to the PI motion. (Mot. Extension, Dkt. 21). Plaintiffs oppose both the requested discovery and the extension of time, (Resp., Dkt. 22), although they agreed to a 7-day extension of

---

[1] Plaintiffs claim that H.B. 20—by prohibiting viewpoint censorship—impermissibly interferes with its members' editorial discretion over their platforms, imposes liability on its members for moderating content on their platforms, and extraterritorially regulates internet communications. (PI motion, Dkt. 12, at 10).

1

time, (Mot. Extension, Dkt. 21, at 2), which the Court granted, (Text Order, 10/15/21), to allow the Court to more fully consider Defendant's requests.

Defendant wants to serve requests for production, interrogations, and depositions on Plaintiffs' members to explore several areas: (1) whether Plaintiffs' members are common carriers, (2) how Plaintiffs' members moderate content, (3) the probable effects of H.B. 20 on Plaintiffs' members, (4) the burden on Plaintiffs' members ability to comply with H.B. 20 and federal law, and (5) Plaintiffs' members "knowledge, practices, source codes[,] and capabilities to determine how H.B. 20 is unlawful as applied" to each member. (Mot. Discovery, Dkt. 20, at 3–11). Defendant attached to its motion its proposed discovery requests for each of Plaintiffs' 38 members: a deposition notice with ten topics, nine categories of document requests, and three interrogatories. (Proposed Discovery, Dkts. 20-1, 20-2, 20-3).

In response, Plaintiffs argue that no discovery is necessary "because the issues are purely legal questions." (Resp., Dkt. 22, at 5). To the extent discovery is warranted, Plaintiffs state that they do not bring this action on behalf of all of their members but rather only those "covered by H.B. 20." (*Id.* at 7). Plaintiffs contend that Defendant's proposed discovery "seem[s] calculated to further antagonize H.B. 20's target companies for exercising their First Amendment rights." (*Id.*). Plaintiffs also dispute that the covered platforms are common carriers, that Plaintiffs raised any as-applied claims, and that Defendant needs additional information about how Plaintiffs' members moderate content beyond what has been offered in the declarations in support of their PI motion. (*Id.* at 8–10). Finally, in addition to being overbroad, Plaintiffs object to Defendant's proposed discovery as burdensome given the time limitations. (*Id.* at 10–11).

Federal Rules of Civil Procedure 34(b) and 26(d) allow a party to seek expedited discovery, and the Fifth Circuit has permitted such discovery in certain circumstances. *See, e.g.*, *FMC Corp. v. Varco Int'l, Inc.*, 677 F.2d 500, 501 (5th Cir. 1982) (affirming district court's order authorizing

expedited discovery before a hearing on a preliminary injunction); *Quilling v. Funding Resource Group*, 227 F.3d 221, 233 (5th Cir. 2000) (affirming a district court's order of expedited discovery). Although the Federal Rules of Civil Procedure do not provide a standard for the Court to use in exercising its authority to order expedited discovery, courts generally use either a "preliminary-injunction-style analysis" or the "good cause standard" to determine whether a party is entitled to conduct expedited discovery. *See, e.g.*, *Greenthal v. Joyce*, No. 4:16–CV–41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016).

The Fifth Circuit has not expressly adopted either standard, but several district courts within the Fifth Circuit have used the good cause standard. *Id.* "In determining whether good cause exists, courts often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Id.* at *2 (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)). The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *St. Louis Grp.*, 275 F.R.D. at 240.

The Court finds good cause to permit narrowly-tailored, expedited discovery in advance of Defendant's response deadline to the PI motion. The Court finds that: (1) Defendant seeks expedited discovery, in part, to develop a factual record that will aid Defendant in responding to the PI motion, (2) portions of the proposed discovery are tailored to the issues raised in this case, (3) Plaintiffs and their members will not be overly burdened by responding to limited discovery of a short duration, and (4) although Defendant could have—and perhaps should have—made this request sooner, there is sufficient time to complete expedited discovery. *See Greenthal*, 2016 WL 362312, at *2. However, the Court agrees with Plaintiffs that Defendant's proposed discovery is not

sufficiently tailored and would burden Plaintiffs without good cause. For example, not all of Plaintiffs' members operate covered platforms, and Defendant has not shown good cause for serving discovery requests on Plaintiffs' members who do not operate covered platforms. (Resp., Dkt. 22, at 7). Defendant also wrongly dismisses the time limitations in this case. H.B. 20 goes into effect on December 2. It would prejudice Plaintiffs to impose a briefing schedule that goes beyond the effective date when a shorter timeframe for expedited discovery would still provide Defendant with a "fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 432 n.7 (1974).

The Court will set Defendant's response deadline for November 22, 2021. That allows Defendant 30 days to discover information it needs to prepare its opposition to the PI motion. While 30 days—rather than the 60 days requested—means that Defendant cannot and should not request all of the discovery proposed, the Court is confident that Defendant will significantly tailor its discovery requests and serve those significantly tailored requests only on Plaintiffs' members with covered platforms. The Court trusts that Defendant can employ targeted requests to obtain precise information without burdening Plaintiffs' members. The Court also expects the parties to reach agreements about the breadth and timing of any such discovery. To the extent the parties reach an impasse, the parties shall be aware the Court will rule swiftly and will not shift the briefing or hearing schedule, absent extraordinary circumstances.

For these reasons, **IT IS ORDERED** that, in accordance with this Order, Defendant's Motion for Expedited Discovery, (Dkt. 20), is **GRANTED IN PART AND DENIED IN PART** and Defendant's Motion for Extension, (Dkt. 21), is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FINALLY ORDERED** that Defendant shall file its response to the PI motion on or before **November 22, 2021**.

The Court will enter a separate order setting the preliminary injunction hearing.

**SIGNED** on October 22, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE