**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| NETCHOICE, LLC d/b/a NetChoice, ) <br> a 501(c)(6) District of Columbia organization, ) <br> ) <br> and ) <br> ) <br> COMPUTER & COMMUNICATIONS ) <br> INDUSTRY ASSOCIATION d/b/a CCIA, a ) <br> 501(c)(6) non-stock Virginia Corporation, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> KEN PAXTON, in his official capacity as ) <br> Attorney General of Texas, ) <br> ) <br> *Defendant*. ) <br> _____ ) | Civil Action No. 1:21-cv-00840-RP |

# Exhibit A –
# Counsel Correspondence

| | |
|---|---|
| **From:** | Todd Disher <todd@lehotskykeller.com> |
| **Sent:** | Thursday, October 28, 2021 7:09 PM |
| **To:** | Courtney Corbello |
| **Cc:** | Scott Keller; Matt Frederick; Benjamin Lyles; Christopher Hilton; Benjamin Walton; Thomas Ray |
| **Subject:** | Re: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite |

Courtney,

We disagree that you did not get a counterproposal today. We had seemingly come to terms on almost every part of the scope of expedited discovery. And today YouTube alone proposed nine additional categories of documents that it would be willing to produce to end this discovery dispute. It makes little sense to spend all week working to agree to narrow the scope of discovery for Defendant to then go back and serve the requests as originally drafted on non-parties that you had taken off of the table during the negotiations. We will note Defendant's opposition.

Plaintiffs will oppose any request to extend the briefing schedule, particularly in light of Defendant's unwillingness to refrain from enforcing H.B. 20.

Todd

**Todd Disher** | LEHOTSKY KELLER | todd@lehotskykeller.com

---

**From:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Date:** Thursday, October 28, 2021 at 4:15 PM
**To:** Todd Disher <todd@lehotskykeller.com>
**Cc:** Scott Keller <scott@lehotskykeller.com>, Matt Frederick <matt@lehotskykeller.com>, Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>, Christopher Hilton <Christopher.Hilton@oag.texas.gov>, Benjamin Walton <Benjamin.Walton@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Todd,

As I stated to you yesterday "At this point, without any suggestions from your clients, and given that you still do not represent the members in this case, it appears the best course forward is to issue Rule 45 subpoenas with RFPs as we have tailored them." I then went further in my attempts to compromise last night by offering service of RFPs 2-3, 5-7 only on YouTube and Facebook. Despite this, we still did not get any counterproposal today. Therefore, Defendant has moved forward in the way originally proposed and narrowly tailored per the Court's instructions.

Defendant is opposed to any motion for protective order. To the extent briefing and decision-making on this issue will delay our ability to obtain necessary discovery, we will likely seek an extension on the deadline to respond to the PI Motion. Please let me know Plaintiffs' position as soon as possible given that the short time frame may require us to seek this relief quickly.

Courtney Corbello | Assistant Attorney General | General Litigation Division
MC-019, PO Box 12548 | Austin, TX 78711-2548
512.463.2120 | Fax: 512.320.0667| email: courtney.corbello@oag.texas.gov |

PRIVILEGED AND CONFIDENTIAL: This communication may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.

**From:** Todd Disher <todd@lehotskykeller.com>
**Sent:** Thursday, October 28, 2021 3:45 PM
**To:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Cc:** Scott Keller <scott@lehotskykeller.com>; Matt Frederick <matt@lehotskykeller.com>; Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>; Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** Re: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Courtney,

Your attached subpoenas include the same document requests that you sent on Saturday, to the same number of non-parties. That is despite the negotiations we've had all week to limit those requests, including your latest statement that you would send those requests to only YouTube and Facebook—the only two members who submitted evidence in support of the motion for preliminary injunction.

As such, we are going to ask the Court for a protective against these third-party subpoenas. Please let us know by 5:00 p.m. today whether you oppose.

Todd

**Todd Disher** | LEHOTSKY KELLER | todd@lehotskykeller.com

**From:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Date:** Thursday, October 28, 2021 at 12:22 PM
**To:** Todd Disher <todd@lehotskykeller.com>, Scott Keller <scott@lehotskykeller.com>, Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>, Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>, Benjamin Walton <Benjamin.Walton@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Todd,

It appears we are in agreement on the first three categories, with the reminder that we will need a protective order in place prior to any deposition occurring. Please send me any proposed edits on that by tomorrow so we have time to file with the Court and get it approved. I will finalize the notices and court reporters once I get the proposed dates, times and locations for these depositions from you.

As to the ROGs, my legal assistant will serve those to you via email shortly.

As to the RFPs, because Plaintiffs or their members still have not conferred further regarding the requests Defendant has actually proposed, we are proceeding with service. Attached are copies of the subpoenas that will be served later today.

Courtney Corbello | Assistant Attorney General | General Litigation Division
MC-019, PO Box 12548 | Austin, TX 78711-2548
512.463.2120 | Fax: 512.320.0667| email: courtney.corbello@oag.texas.gov |

PRIVILEGED AND CONFIDENTIAL: This communication may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.

---

**From:** Todd Disher <todd@lehotskykeller.com>
**Sent:** Thursday, October 28, 2021 12:00 PM
**To:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>; Scott Keller <scott@lehotskykeller.com>; Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** Re: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Courtney,

Thank you for clarifying Defendant's current position after our extensive negotiations. I have pasted your proposed discovery categories below and put Plaintiffs' responses in the sub-bullet points:

- <u>Deposing all Declarants who put forth declarations in support of the PI Motion</u>, as was proposed by Plaintiffs in lieu of Defendant's requested 30(b)(6) depositions

  o As the parties previously agreed, the depositions will be limited 4 hours for the witnesses from NetChoice, CCIA, Facebook, and YouTube. The depositions of the other third-party witnesses will be limited to 2 hours. The depositions will be limited to the information included in the declarations attached to Plaintiffs' motion for preliminary injunction. The depos will occur during Defendant's requested dates of Nov. 10-17. Some of these witnesses will not be willing to sit for live depositions in light of COVID, so we will discuss logistics as we get closer to their dates.
    - The one caveat to this is that we are still waiting to get authority from LGBT Tech to agree to offer up its declarant. We are working to get that agreement as quickly as we can.

- <u>Serving Defendant's proposed ROGs on Plaintiffs</u>, as was proposed by Plaintiffs in lieu of Defendant serving Plaintiffs' members with ROGs

  o Plaintiffs have not previously agreed to answer your proposed interrogatories in lieu of you sending them to Plaintiffs' members, but Plaintiffs are now able to agree to that (assuming the interrogatories are the two that you sent on Oct. 23).

3

- <u>Production of all documents cited to or relied on by Declarants in making their declarations</u>, as was offered by Plaintiffs as relevant to the issues raised in their PI Motion.

    o   Plaintiffs agree to produce these documents by Defendant's requested date of Nov. 8. Facebook, YouTube, TechNet, and Stop Child Predators have given us authority to agree to produce these documents from their witnesses by the same date. Again, we are waiting to get authority from LGBT Tech.

- <u>Requiring responses to RFPs 2-3 and 5-7 (as they are numbered in the RFP edits sent on 10/23) by Facebook and YouTube</u>, 4 RFPs less than Defendant's original proposal.

    o   Plaintiffs do not have the authority to agree that Facebook and YouTube will respond to the cited requests for production. Those requests remain far too broad, not narrowly tailored, not relevant, privileged, and overly burdensome—particularly in light of the legal nature of the controlling issues in front of the Court. Instead, Facebook and YouTube will agree to produce additionally documents as a way to end the dispute over the scope of discovery before the Court rules on the motion for preliminary injunction. The additional documents that YouTube will agree to produce are included on the attached list. Facebook is still refining the categories of documents that it can agree to produce, and we will send that to you as soon as possible.

As we have stated previously, the above agreements hinge on this being the entire scope of the narrowly tailored expedited discovery before the Court rules on the motion for preliminary injunction. Plaintiffs, Plaintiff's members who submitted evidence in support of the motion for preliminary injunction, and the other non-parties who submitted declarations are willing to agree to offer this discovery as a way to resolve this dispute. Should Defendant be not willing to agree to refrain from taking any other discovery before the Court rules on the motion for preliminary injunction, the above agreements will be retracted, and we will seek proper protection from the Court if necessary.

Please let me know if Defendant agrees to the scope of discovery for the preliminary injunction phase as detailed above.

Regards,

Todd

**Todd Disher** | LEHOTSKY KELLER | todd@lehotskykeller.com

---

**From:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Date:** Wednesday, October 27, 2021 at 7:43 PM
**To:** Todd Disher <todd@lehotskykeller.com>, Scott Keller <scott@lehotskykeller.com>, Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>, Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>,

Benjamin Walton <Benjamin.Walton@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Todd,

To answer your last question first, no, Defendant cannot agree to refrain from enforcement of H.B. 20 pending the PI hearing.

We do not believe you have characterized our position correctly. To put it succinctly, Defendants have agreed to and proposed expedited discovery be conducted pursuant to the Court's order in the following way:

- <u>Deposing all Declarants who put forth declarations in support of the PI Motion</u>, as was proposed by Plaintiffs in lieu of Defendant's requested 30(b)(6) depositions
- <u>Serving Defendant's proposed ROGs on Plaintiffs</u>, as was proposed by Plaintiffs in lieu of Defendant serving Plaintiffs' members with ROGs
- <u>Production of all documents cited to or relied on by Declarants in making their declarations</u>, as was offered by Plaintiffs as relevant to the issues raised in their PI Motion.
- <u>Requiring responses to RFPs 2-3 and 5-7 (as they are numbered in the RFP edits sent on 10/23) by Facebook and YouTube</u>, 4 RFPs less than Defendant's original proposal.

This is an accurate representation of where our discussion is at this time. In our continued courtesy of allowing Plaintiffs several days to provide a good faith response to this plan, we can wait until 12 p.m. tomorrow for you to let me know if Plaintiffs agree before we go forward with subpoenas.

Courtney Corbello | Assistant Attorney General | General Litigation Division
MC-019, PO Box 12548 | Austin, TX 78711-2548
512.463.2120 | Fax: 512.320.0667| email: courtney.corbello@oag.texas.gov |

PRIVILEGED AND CONFIDENTIAL: This communication may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.

**From:** Todd Disher <todd@lehotskykeller.com>
**Sent:** Wednesday, October 27, 2021 4:54 PM
**To:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>; Scott Keller <scott@lehotskykeller.com>; Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** Re: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Courtney,

Your email below does not accurately reflect the state of our ongoing negotiations.

Fundamentally, you are entirely mistaken when you say that Plaintiffs and their members "appear reticent to provide any evidence whatsoever." As our correspondence has clearly shown multiple times, and as we explained at length over the phone yesterday, we have made a reasonable counteroffer to provide you discovery into the facts put at issue in Plaintiffs' motion for preliminary injunction. That includes depositions of the witnesses whose declarations are attached as well as document production related to those declarations.

Additionally, your email below states that we have not made any counteroffer regarding written discovery. That is not true. Plaintiffs and their members have offered to produce the documents that the declarants cited to or relied on in drafting their declarations.

And you state that we are in our possession of those documents. We do not represent Plaintiffs' members, and we do not have custody or control over their documents.

For the first time on our call yesterday afternoon, we discussed whether some additional document production from Facebook and YouTube (the only two members who put witnesses forward in support of the PI motion) would put an end to this discovery dispute. When we ended our call yesterday, both sides were going to discuss internally whether that solution might be agreeable.

I asked this morning whether you have reached an internal agreement about that, and I do not see a response to my question in your email below. Given that you are now indicating that you will send Rule 45 subpoenas to third-parties who have not put facts forward in support of the PI motion, does that mean that you are no longer willing to agree to the idea we discussed yesterday to end this discovery dispute?

Also, given that we discussed this potential solution for the first time yesterday, YouTube and Facebook need a reasonable time to discuss with their own counsel. I can now inform you that the two entities are willing to propose additional document production as a solution to end this discovery dispute. I do not have authority yet to share what categories of documents that additional agreed production will cover. But I should know those categories by tomorrow.

However, if Defendant truly is unwilling to drop the proposed requests you cite below, I don't believe Facebook and YouTube will be willing to agree to any additional document production in an effort to resolve this dispute. They have already offered more than enough discovery for you to defend the legal claims dispositive to the issues in front of the Court and are willing to consider some additional categories. But those cited requests are far too broad, not relevant, privileged, and overly burdensome.

Additionally, our potential solution discussed yesterday hinged on Defendant not seeking any additional discovery from Plaintiff, YouTube, Facebook, or Plaintiffs' other members at this point. We are not seeking an agreement that Defendant will never seek additional discovery in this case (although we reserve all arguments against future discovery). We are simply trying to negotiate the limits of the narrow, expedited discovery that the Court has ordered before ruling on the preliminary injunction.

Please let me know as soon as possible whether Defendant is still interested in discussing additional production from YouTube and Facebook as a way to end this discovery dispute.

Should you start serving Rule 45 subpoenas, please provide me with the required notice and a copies of the subpoenas. Otherwise, we can discuss the potential agreed additional document production topics once we know Defendant is still willing to explore this option.

Also, we have not heard back from you regarding Defendant's willingness to refrain from enforcing H.B. 20 while the PI motion is pending. Please provide us with your answer.

Regards,

Todd

**Todd Disher** | LEHOTSKY KELLER | todd@lehotskykeller.com

---

**From:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Date:** Wednesday, October 27, 2021 at 1:35 PM
**To:** Todd Disher <todd@lehotskykeller.com>, Scott Keller <scott@lehotskykeller.com>, Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>, Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>, Benjamin Walton <Benjamin.Walton@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Todd,

As to the depositions, we can agree to the four and two hour time limitations you have proposed so long as Plaintiffs enter into a joint protective order before the depositions take place so that we may ask about potentially confidential information.

As it appears we are in agreement that the documents used to support the declarations should be produced, I don't believe there's much else to confer on as to that. I would, however, like to have those documents sooner than November 8th considering they are already in your possession. Can we agree to EOB Friday?

This does not resolve the issue of RFPs. Although it has now been going on 5 days since your clients and their members have received our proposed tailored RFPs, we still do not have any counter-proposal. You stated yesterday, for the second time, that you would speak to them about doing so but your latest email still doesn't provide final word on that. At this point, without any suggestions from your clients, and given that you still do not represent the members in this case, it appears the best course forward is to issue Rule 45 subpoenas with RFPs as we have tailored them. I will ask one last time for you to send a good faith counterproposal, that you are authorized to make, by 5pm today in regards the actual RFPs we have asked for. Should that deadline pass with no response, we will issue service in the morning in order to meet the timeframe you are asking for from the Court. I can hopefully speed up the process a bit by telling you now that we will not agree to withdraw RFPs 2-3 and 5-7 (as they are numbered in the RFP edits sent on 10/23). Given that we have already agreed to pull the 30(b)(6) depos to comply with your request that we depose the declarants, and we are willing to limit ROGs to being served only your clients, we think 5 out of our original 9 RFPs is a more than reasonable ask.

I will also represent to you now that we cannot make any premature agreement to not conduct third party discovery either in the next 30 days or during any point in this litigation. Particularly where Plaintiffs appear reticent to provide any evidence whatsoever, we need to be sure we have other avenues to obtain the information the Court has allowed us to.

Courtney Corbello | Assistant Attorney General | General Litigation Division
MC-019, PO Box 12548 | Austin, TX 78711-2548
512.463.2120 | Fax: 512.320.0667 | email: courtney.corbello@oag.texas.gov |

PRIVILEGED AND CONFIDENTIAL: This communication may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.

**From:** Todd Disher <todd@lehotskykeller.com>
**Sent:** Wednesday, October 27, 2021 10:49 AM
**To:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>; Scott Keller <scott@lehotskykeller.com>; Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** Re: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Courtney,

Thanks for the call yesterday. And thanks for checking on whether Defendant would be willing to forgo enforcement of the challenged provisions of H.B. 20 until the Court rules on the motion for preliminary injunction.

I do think we are making progress on our negotiations regarding the limited discovery allowed by the Court. As we mentioned, our counteroffer includes agreeing to the depositions of the declarants from the two Plaintiffs and the two members who submitted declarations (YouTube and Facebook). We can now agree to offer the depositions of two of the other three non-parties who submitted declarations, and we are waiting for approval from the third. As you mentioned below, those depositions will be limited to the topics included in their declarations attached to the motion for preliminary injunction. You requested a five-hour time limit in response to our two-hour offer. Given the limited nature of the depositions, we can agree to a four-hour limit for the witnesses from Plaintiffs, YouTube, and Facebook, and a two-hour limit to the other non-party witnesses.

We can agree to produce those witnesses for deposition during the window that you requested, November 10 through 17. You requested to take the depositions live where the witnesses are located. We are checking on that request, but some witnesses might not feel comfortable doing so in light of COVID, and many of them are still working remotely from home to limit their exposure.

As for document production, in response to your requests, we can agree to produce all of the documents that the witnesses from Plaintiffs, YouTube, and Facebook cited in their declarations or relied on in drafting their declarations. And we can agree to produce those documents by the date you requested, November 8.

The above discovery allows Defendant to get discovery on the factual information put at issue in Plaintiffs' motion for preliminary injunction and ask the witnesses about their statements made in support.

Yesterday, we discussed for the first time a potential way to resolve the final remaining issue regarding the scope of written discovery during this limited discovery period. The idea is that Defendants would agree not to issue requests to any of Plaintiffs' members who did not provide evidence in support of the motion. In return, YouTube and Facebook would propose some limited additional categories of documents that they would be willing to produce.

When we ended our call yesterday afternoon, there was still some uncertainty on your end about whether Defendant would be amenable to that compromise. Do you have clarity on that point now? On my end, I have

raised the idea, and it was met with some initial interest. I expect to get authority to potentially make that compromise—and, if so, propose the agreeable topics—within the next 24 hours.

But, to be clear, the agreements above are contingent on Defendant refraining from seeking additional discovery from Plaintiffs, YouTube, Facebook, or any of the other members who did not submit factual information in support of Plaintiffs pending motion.

Todd

**Todd Disher** | LEHOTSKY KELLER | todd@lehotskykeller.com

---

**From:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Date:** Tuesday, October 26, 2021 at 12:17 PM
**To:** Todd Disher <todd@lehotskykeller.com>, Scott Keller <scott@lehotskykeller.com>, Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>, Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>, Benjamin Walton <Benjamin.Walton@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** Re: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Todd,

We will need to talk at 1pm about your offers. At this point we will need to finalize what the parties actually agree on and where the disputes remain so we can move forward with service and bring forward anything the Court will need to rule on. I'll call you.

Courtney

---

**From:** Todd Disher <todd@lehotskykeller.com>
**Sent:** Tuesday, October 26, 2021 11:53 AM
**To:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>; Scott Keller <scott@lehotskykeller.com>; Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** Re: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Courtney,

Thanks for the call yesterday and recap below. As we mentioned over the phone, we have authority from Plaintiffs' members to offer Alexandra Veitch (YouTube) and Neil Potts (Facebook) to be deposed, both of whom submitted declarations attached to Plaintiffs' motion for preliminary injunction. We are also willing to offer the two declarants from the Plaintiffs, Matthew Schruers (CCIA) and Carl Szabo (NetChoice), to be deposed. As you indicate below, those depositions will be limited to the information contained in the declarations attached to the motion for preliminary injunction. We have authority to agree to a two-hour limit limitation for those depositions, given that the questioning will cover only the information included in the witnesses' declarations.

Additionally, as for written discovery, we have authority from YouTube and Facebook to agree to the production of all the non-privileged documents that Ms. Veitch and Mr. Potts relied on in drafting their declarations. Plaintiffs are willing to do the same for Mr. Schruers and Mr. Szabo.

We do not currently have the authority to agree to any discovery on behalf of the other three non-party declarants, as we did not know your desire to seek any discovery of them until yesterday. Do you want us check their willingness to sit for depositions and produce similar documents?

As for timing, we can agree to produce the above-referenced documents by the date that you proposed (November 8). We can also agree to produce the witnesses for their depositions in the window that you proposed (November 10-17).

Those agreements should provide Defendant with all of the discovery necessary related to the facts that Plaintiffs allegedly put at issue in the motion for preliminary injunction. Plaintiffs and their members who provided declarations in support of the preliminary injunction are willing to agree to this limited discovery in an effort to avoid further involvement of the Court. However, that willingness is contingent on Defendant's agreement that it will not seek additional discovery from Plaintiffs' members before the Court rules on the motion for preliminary injunction.

Relatedly, the Court's Order from Friday allowed only limited discovery and "targeted requests to obtain precise information without burdening Plaintiffs' members." Thus, the Court has not opened discovery generally, so it would be premature to schedule a Rule 26(f) conference or provide Plaintiffs' initial disclosures to Defendant.

As for the protective order that you've attached, we are not sure it's needed at this time. But we will review its substance over the next few days.

We are available at 1:00 Central or anytime thereafter today to discuss any of the issues above.

Regards,

Todd

**Todd Disher** | LEHOTSKY KELLER | todd@lehotskykeller.com

---

**From:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Date:** Monday, October 25, 2021 at 3:39 PM
**To:** Todd Disher <todd@lehotskykeller.com>, Scott Keller <scott@lehotskykeller.com>, Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>, Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>, Benjamin Walton <Benjamin.Walton@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Todd,

Just as a brief recap, on our call this afternoon, you stated that you do not currently represent or have authority to speak for any of Plaintiff's members. However, you have agreed to send an email along tomorrow providing an update on that matter. To the extent there are any of Plaintiffs' members you still do not represent, Defendant will proceed with third-party service.

We're also expecting to receive Plaintiffs' proposed modifications to the RFPs tomorrow. You stated that you would try your best to have something to us by 12PM. We did not directly discuss the three interrogatories but, to the extent Plaintiffs believe they need to be narrowed further, please also include that in tomorrow's email.

In order to ease the burden on your clients and their members, Defendant has agreed to pull the 30(b)(6) notices and, therefore, the 30(b)(6) topics are no longer at issue. This compromise is contingent on Plaintiffs agreeing to allow Defendants to depose all declarants who have submitted affidavits in support of Plaintiffs' PI Motion regarding their declarations and Plaintiffs' PI Motion.

It is our understanding from our talk that Plaintiffs do not believe a protective order is necessary. However, given that you raised concerns regarding privileges and confidential information being disclosed in response to discovery, it appears a protective order would be beneficial. We plan to file the attached (the Western District's form PO) with the Court sometime in the next few days. If you could provide us with any modifications you'd like to propose in tomorrow's email as well, that would be appreciated.

Finally, please also confirm in your noon email tomorrow when you will be available for the 26(f) conference and when we can expect your initial disclosures

Courtney Corbello | Assistant Attorney General | General Litigation Division
MC-019, PO Box 12548 | Austin, TX 78711-2548
512.463.2120 | Fax: 512.320.0667| email: courtney.corbello@oag.texas.gov |

PRIVILEGED AND CONFIDENTIAL: This communication may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.

**From:** Todd Disher <todd@lehotskykeller.com>
**Sent:** Sunday, October 24, 2021 3:52 PM
**To:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>; Scott Keller <scott@lehotskykeller.com>; Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** Re: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Courtney,

Thank you for sending over the draft discovery requests for discussion tomorrow at 11:00. Initially, we note that you deleted only one request for production and one interrogatory from your initial requests that the Court found were "not sufficiently tailored and would burden Plaintiffs without good cause." We have concerns that your written discovery requests are not narrowly tailored, they are not supported by good cause, and they would impose significant burdens on the plaintiffs and their members, including on their First Amendment rights and privileges.

Also, your draft eight requests for production and two interrogatories focus almost exclusively on the content moderation practices of Plaintiffs' members. As evidenced in part by the declarations attached to Plaintiffs' motion for preliminary injunction, there is no dispute that Plaintiffs' members subject to HB 20 engage in content moderation. Indeed, that is the very rationale for the Texas Legislature passing H.B. 20. As we have

requested previously, can you please explain why the technical details of that moderation are relevant and proportional to the needs of this case? Why do you need, for example, "All documents and communications" related to the members' "content moderation policies and practices"?

Your draft requests are even more concerning in light of the potential harm to Plaintiffs' members' First Amendment rights and potential invasion of their First Amendment editorial privilege in having to disclose that information in discovery. And, again, to the extent Defendant has any fact questions about *how* Plaintiffs' members moderate content, those questions (if relevant at all) seem like fertile ground for potential stipulations and admissions.

Lastly, as you're aware, any agreements on discovery of Plaintiffs' members will have to run through the Plaintiffs as well as their members. As we got the Court's Order on Friday afternoon, and your first revised requests on Saturday morning, even though we have been working throughout the weekend, we may not be in a position to come to any final agreements by Monday morning. That said, we are committed to having a substantive dialog with you about the breadth and timing of the expedited discovery and the most efficient way to get you the information that we can agree to produce.

Looking forward to our initial discussion tomorrow.

Todd

**Todd Disher** | LEHOTSKY KELLER | todd@lehotskykeller.com

---

**From:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Date:** Saturday, October 23, 2021 at 6:23 AM
**To:** Todd Disher <todd@lehotskykeller.com>, Scott Keller <scott@lehotskykeller.com>, Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>, Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>, Benjamin Walton <Benjamin.Walton@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Todd,

The Court has clearly sanctioned our use of the RFPs, ROGs and 30(b)(6) depos in this case when it stated "portions of the proposed discovery are tailored to the issues raised in this case" and we intend to move forward on those. If Plaintiffs want to continue to delay the short timeframe by discussing stipulations, we are happy to file a joint motion for extension of the Nov. 22nd deadline. We are also amenable to receiving a list of Plaintiffs' factual stipulations prior to that date; Defendants' motion for expedited discovery and exhibits should adequately reflect what is at issue. Other than those two options, we will be moving on.

Attached are the proposed discovery requests with tracked changes that reflect our suggestions for narrowing. As was clear in my last email, I have every intention of conferring on these prior to serving them. Thus, there is no premature rush, but simply a need to deal with each issue efficiently to move forward in the <30 days we have left. I am free at 11AM on Monday to discuss and finalize.

Courtney Corbello | Assistant Attorney General | General Litigation Division
MC-019, PO Box 12548 | Austin, TX 78711-2548

512.463.2120 | Fax: 512.320.0667| email: courtney.corbello@oag.texas.gov |

**PRIVILEGED AND CONFIDENTIAL:** This communication may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.

---

**From:** Todd Disher <todd@lehotskykeller.com>
**Sent:** Friday, October 22, 2021 8:32 PM
**To:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>; Scott Keller <scott@lehotskykeller.com>; Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** Re: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Courtney,

We are looking forward to reviewing your requests and discussing on Monday the best way to proceed. We disagree that the Court granted "discovery as proposed by Defendants," or that the Court has allowed any specific discovery requests or 30(b)(6) depositions as you state below. The Court expects "targeted requests to obtain precise information without burdening Plaintiffs' members." And it clearly contemplates that we "reach agreements about the breadth and timing of the discovery."

Our proposal to discuss potential stipulations and admissions is simply to see if there are any alleged fact disputes that we can take off the table. That would help you to obtain the precise information that you seek in the least burdensome way. If we are willing to potentially stipulate or admit certain facts that you claim are at issue, then document production, interrogatories, and depositions on those topics "would burden Plaintiffs without good cause." Can you help us understand why Defendant is unwilling to discuss the specific facts that he claims are at issue related to Plaintiffs' motion for preliminary injunction to see if Plaintiffs are willing to stipulate to the same?

Relatedly, your rush to attempt to serve any discovery requests is premature. We should meet and confer to discuss the "narrowly-tailored, expedited discovery" that the Court has allowed, and we strongly suggest doing that *before* any requests are served. We are prepared to begin those discussions once we receive your revised requests.

Are you available at 11:00 a.m. on Monday to discuss?

Todd

**Todd Disher** | LEHOTSKY KELLER | todd@lehotskykeller.com

---

**From:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Date:** Friday, October 22, 2021 at 4:20 PM
**To:** Todd Disher <todd@lehotskykeller.com>, Scott Keller <scott@lehotskykeller.com>, Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>, Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>, Benjamin Walton <Benjamin.Walton@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** RE: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Todd,

Given that the Court granted expedited discovery as proposed by Defendants, which does not include Requests for Admission, we don't find this to be the most practical path forward. We intend to move forward with the discovery requests and 30(b)(6) depos as the Court has allowed. I should have proposed modifications to those requests and topics sent to you by tomorrow. On Monday, we can touch base in the morning to the extent Plaintiffs have a reasonable basis to object to how we've narrowed things. I will also need to know by Monday whether you are accepting service on the behalf of any of your Plaintiffs' members, otherwise, I will proceed with getting them served via process server. Again, I'd ask that you provide us with each of the members' preferred point of contact for service so as not to unnecessarily delay the timeline. As your clients represent their interests, I would assume some assistance can be provided to ensure the process goes quickly.

Courtney Corbello | Assistant Attorney General | General Litigation Division
MC-019, PO Box 12548 | Austin, TX 78711-2548
512.463.2120 | Fax: 512.320.0667| email: courtney.corbello@oag.texas.gov |

PRIVILEGED AND CONFIDENTIAL: This communication may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.

---

**From:** Todd Disher <todd@lehotskykeller.com>
**Sent:** Friday, October 22, 2021 2:59 PM
**To:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>; Scott Keller <scott@lehotskykeller.com>; Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>; Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>; Benjamin Walton <Benjamin.Walton@oag.texas.gov>; Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** Re: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Courtney,

To shortcut the normal discovery procedure in light of the limited time set by the Court, I believe that we might be able to stipulate to some of the facts that you believe are in dispute or provide you the information you think you need in an efficient manner through requests for admission. Can you identify which facts you believe are in dispute and why those facts are relevant to the legal arguments the Court has to rule on to decide the motion for preliminary injunction?

At this time, given that we got the Court's Order just a few hours ago, I do not have authority to accept service of Rule 45 subpoenas on behalf of Plaintiffs' members. And I don't believe that the Court contemplates service of any discovery requests before we have a chance to discuss the process and the scope of the requests. But if you send us the information that you think you need, we can discuss the best way to set up the procedure contemplated by the Court in its Order from this afternoon.

We are generally available Monday morning to discuss.

Todd

**Todd Disher** | LEHOTSKY KELLER | todd@lehotskykeller.com

**From:** Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Date:** Friday, October 22, 2021 at 12:51 PM
**To:** Todd Disher <todd@lehotskykeller.com>, Scott Keller <scott@lehotskykeller.com>, Matt Frederick <matt@lehotskykeller.com>
**Cc:** Christopher Hilton <Christopher.Hilton@oag.texas.gov>, Benjamin Lyles <Benjamin.Lyles@oag.texas.gov>, Benjamin Walton <Benjamin.Walton@oag.texas.gov>, Thomas Ray <Thomas.Ray@oag.texas.gov>
**Subject:** FW: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

Todd,

Given the order allowing only 30 days for discovery, I wanted to reach out immediately. I am working with my team now to tailor down the ROGs, RFPs, and 30(b)(6) topics and will send our proposals along shortly. As an initial matter, can you please confirm for me today whether or not you are able to accept service of the Rule 45 subpoenas directed to Plaintiffs' members as listed below? And if not, please send me the information as to who can accept that service.

We suggest that the written requests, in their newly-tailored form, go only to the following Plaintiffs' members:

1. Twitter
2. Facebook
3. YouTube
4. Instagram
5. Pinterest
6. TikTok
7. Vimeo
8. WhatsApp

As for 30(b)(6) depos, we propose the following members:
1. Twitter
2. Facebook
3. YouTube

Given that we will need documents and responses prior to being able to depose the 30(b)(6) witness, we'd propose the following schedule:
1. Discovery Requests Sent: Early next week - Monday or Tuesday
2. Discovery Responses Due: November 8, 2021
3. 30(b)(6) Depositions: Between November 10 and November 17.

Please reach out to me with any questions or concerns.

Courtney Corbello | Assistant Attorney General | General Litigation Division
MC-019, PO Box 12548 | Austin, TX 78711-2548
512.463.2120 | Fax: 512.320.0667| email: courtney.corbello@oag.texas.gov |

PRIVILEGED AND CONFIDENTIAL: This communication may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed without the express authorization of the Attorney General.

From: TXW_USDC_Notice@txwd.uscourts.gov <TXW_USDC_Notice@txwd.uscourts.gov>
Sent: Friday, October 22, 2021 11:54 AM
To: cmecf_notices@txwd.uscourts.gov
Subject: Activity in Case 1:21-cv-00840-RP NetChoice LLC et al v. Paxton Order on Motion to Expedite

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court [LIVE]

Western District of Texas

## Notice of Electronic Filing

The following transaction was entered on 10/22/2021 at 11:54 AM CDT and filed on 10/22/2021
**Case Name:**      NetChoice LLC et al v. Paxton
**Case Number:**    1:21-cv-00840-RP
**Filer:**
**Document Number:** 25

**Docket Text:**
**ORDER GRANTING IN PART AND DENYING IN PART [20] Opposed MOTION to Expedite Discovery Signed by Judge Robert Pitman. (cc3)**

**1:21-cv-00840-RP Notice has been electronically mailed to:**

Benjamin S. Lyles     benjamin.lyles@oag.texas.gov, ana.aranda@oag.texas.gov, lashanda.green@oag.texas.gov

Benjamin S. Walton     benjamin.walton@oag.texas.gov, jennifer.holt@oag.texas.gov

Catherine Lewis Robb     Catherine.Robb@haynesboone.com, cristi.maxwell@haynesboone.com, olga.marshall@haynesboone.com

Christopher D. Hilton     christopher.hilton@oag.texas.gov, allison.collins@oag.texas.gov, bonnie.chester@oag.state.tx.us, ronae.edward@oag.texas.gov

Courtney Brooke Corbello     courtney.corbello@oag.texas.gov, jill.couey@oag.texas.gov, thomas.ray@oag.texas.gov

Gabriela Gonzalez-Araiza     gabriela@lehotskykeller.com

Jason A. Cairns     jcairns@rctlegal.com, jasonacairns@gmail.com, mmyers@rctlegal.com

Jeremy Evan Maltz     jeremy@lehotskykeller.com

Jonathan D. Urick     jon@lehotskykeller.com

Laura Lee Prather     laura.prather@haynesboone.com, cristi.maxwell@haynesboone.com, Lori.Mitchell@haynesboone.com

Matthew Hamilton Frederick     matt@lehotskykeller.com

Scott A. Keller     scott@lehotskykeller.com

Steven P. Lehotsky     steve@lehotskykeller.com

Todd Lawrence Disher     todd@lehotskykeller.com

William Reid Wittliff     reid@wittliffcutter.com, joy@wittliffcutter.com

**1:21-cv-00840-RP Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1080075687 [Date=10/22/2021] [FileNumber=25747661
-0] [0802cd3b9bb1ec2f65d269cbdcf2419cfdf22e8ce986a160425362b4e81211bdd
5b5e3b0d93c8e743b1c79e4bdb8182111ca65877959a3c0c575b24de33d2445]]