IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NETCHOICE, LLC, et al.,<br>　　*Plaintiffs*,<br><br>v.<br><br>KEN PAXTON, in his official capacity as<br>Attorney General of Texas,<br>　　*Defendant*. | Civil Action No. 1:21-cv-00840-RP |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE EXPERT REPORT (DKT. 43)**

Defendant responds to Plaintiffs' Motion to Strike the expert report of Adam Candeub, provided in support of Defendant's opposition to preliminary injunction. Dkts. 39-1, 43. That this Court should strike an entire expert report in consideration of a motion where the Court is the ultimate trier of fact has no basis in law or equitable fairness to Defendant and his ability to provide a full defense to Plaintiffs' suit. For the reasons further discussed below, this Court should deny Plaintiffs' Motion.

### ARGUMENT

"District courts are assigned a gatekeeping role to determine the admissibility of expert testimony." *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010). And "where a district judge sits as the trier of fact in place of a jury," such as in this case, "[m]ost of the safeguards provided for in *Daubert* are not as essential." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).

There is no reason why this Court, the ultimate fact-finder in this case, cannot consider the expert report of Adam Candeub and provide it the consideration and weight that it deems

appropriate.[1] Nonetheless, Plaintiffs are asking to strike Candeub's entire report from the record by making unsupported claims of legal conclusions and unreliability. Dkt. 43.

Notably, having not made any argument to the contrary, Plaintiffs appear to concede that Professor Candeub is qualified to offer the opinions in his Report. This concession is understandable given Candeub's numerous scholarly publications on the issue of common carriage and internet law, as well as his prior work as attorney advisor for the Federal Communications Commission's Common Carriage Bureau and as Acting Assistant Secretary of Commerce for the National Telecommunications and Information Authority. Dkt. 39-1.

Plaintiffs, instead, attack Candeub's report on the allegation that it offers impermissible legal conclusions. Despite their claim, however, Plaintiffs do not specifically identify what those legal conclusions are. It cannot be the issue of whether the Platforms are common carriers. Opining that they are common carriers, as Candeub does, is not a legal conclusion—it is an opinion on a disputed factual matter before the Court. Numerous courts have recognized that, whether an industry is, or has been properly deemed, a common carrier is a fact issue. *See United States v. King*, 524 F. Supp. 3d 668, 679 (S.D. Tex. 2020) (whether airline company was common carrier was issue of fact); *see also Woolsey v. Nat'l Transp. Safety Bd.*, 993 F.2d 516, 524 (5th Cir. 1993) (whether small air carrier was a common carrier required fact inquiry). While Candeub's opinions may necessarily require the relevant facts to be discussed in the context of the jurisprudence they arise from, this does not transform those opinions from fact issues into legal conclusions.

---

[1] Indeed, this is the precise reason why Defendant did not move to exclude any of Plaintiffs' attached declarations to their PI motion. Although the declarants stated numerous times in their depositions that they lacked personal knowledge as to the matters they had attested to, Defendant has simply provided those depositions to the Court for its consideration, rather than insist this Court cannot utilize its judicial discretion to give the proper weight to the declarations.

Plaintiffs misleadingly claim Candeub's Report argues the Platforms are common carriers as a matter of law. Dkt. 43 at 3. They even go so far as to insist Candeub has "[i]dentif[ied] the controlling legal standard" for common carriage. *Id*. at 4. But neither of those characterizations are supported by Candeub's Report. Candeub is clear that it is *Plaintiffs'* assertion that the Platforms are *not* common carriers "*as a matter of law*." Dkt. 39-1 at 8; *see also* Dkt. 12 (PI Motion) at 41 ("the covered platforms are not common carriers as a matter of law"). Candeub, in fact, opines this cannot be so, and a "controlling legal standard" *cannot* exist because "common carriage tests often present complicated, fact-intensive questions." Dkt. 39-1 at 8. These fact-intensive questions are exactly what Candeub details for this Court immediately above this explicit disavowal of common carrier status being a matter of law. *Id*. at 2-7.

Moreover, Candeub's testimony is reliable. Rule 702 authorizes a qualified expert "to testify to an opinion or inference based on his knowledge, skill, experience, training, or education if it is soundly grounded in the principles and methodology of his discipline." *Moore v. Ashland Chemical, Inc.*, 126 F.3d 679, 703 (5th Cir. 1997). "The reliability inquiry is flexible, and the judge has discretion in determining which factors are most germane in light of the nature of the issue, the particular expertise, and the subject of the expert's testimony." *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 408 (N.D. Tex. 2016).

Candeub provides citations to all the bases for his opinions as to what facts generally indicate common carriage status. Dkt. 39-1. He explains the historical methodology for determining common carriage that is readily verifiable. *Id*. These very same factual inquiries to which Candeub testifies were, in fact, extensively relied on by Justice Thomas just last year when conducting his own factual analysis of social media platforms as common carriers. *Biden v. Knight*

*First Amendment Inst. at Columbia Univ.*, 141 S. Ct. 1220, 1222-23 (2021) (Thomas, J., concurring) (citing and discussing Candeub, *Bargaining for Free Speech: Common Carriage, Network Neutrality, and Section 230*, 22 Yale J. L. & Tech. 391, 398-407 (2020)). Where a Supreme Court Justice has already considered an expert's factual analysis, a subsequent litigant is hard-pressed to show a basis for excluding that *same expert's analysis* as somehow unreliable or otherwise improper expert testimony. Indeed, Plaintiffs have not even attempted to show such here—they completely fail to explain why this Court should exclude testimony from an expert that a Supreme Court Justice has already considered on similar issues.

Whether the Platforms are common carriers is a fact issue for this Court to decide. And it is an issue that is critical to this case. While Plaintiffs may insist common carriage is a "meaningless" doctrine that does not impact First Amendment analysis, Candeub's Report, Justice Thomas' concurrence in *Biden*, and decades' worth of jurisprudence show otherwise. That Plaintiffs continue to cite case law that stands for the proposition that common carriers still retain *some* First Amendment rights, for example, from being compelled to speak, has no bearing on the reliability or admissibility of Candeub's Report. Dkt. 43 at 7-8. After all, Section 7 of H.B. 20 does not compel speech; it dictates that, once a platform has chosen what "speech" to engage in through its self-created content moderation policies, it cannot engage in discriminatory practices based on the user viewpoints expressed therein. None of the case law Plaintiffs so heavily rely on preclude this conclusion, nor do they preclude use of Candeub's report to deem the Platforms common carriers.

## Conclusion

Under Federal Rule of Civil Procedure 704, Defendant is permitted to offer expert testimony on the common carrier question. Moreover, Plaintiffs' Motion provides no reason why Candeub's *entire* 22-page report must be stricken from the record rather than trusting this Court to exercise its judicial discretion and give Candeub's report the weight it is due. Defendant respectfully requests this Court deny Plaintiffs' Motion.

Respectfully Submitted.

**Ken Paxton**
Attorney General of Texas

**Brent Webster**
First Assistant Attorney General

**Grant Dorfman**
Deputy First Assistant Attorney General

**Shawn Cowles**
Deputy Attorney General for Civil Litigation

**Thomas A. Albright**
Division Chief
General Litigation Division

*/s/ Courtney Corbello*
**Courtney Corbello**
Attorney-in-Charge
Assistant Attorney General
Texas State Bar No. 24097533
*courtney.corbello@oag.texas.gov*

**Christopher D. Hilton**
Counsel of Record
Assistant Attorney General
Texas State Bar No. 24087727
christopher.hilton@oag.texas.gov

**Benjamin Storey Lyles**

Counsel of Record
Assistant Attorney General
Texas State Bar No. 24094808
benjamin.lyles@oag.texas.gov

**BENJAMIN S. WALTON**
Counsel of Record
Assistant Attorney General
Texas State Bar No. 24075241
benjamin.walton@oag.texas.gov

General Litigation Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 936-2109
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on November 30, 2021 the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Western District of Texas, on November 30, 2021.

*/s/ Courtney Corbello*
**COURTNEY CORBELLO**
Assistant Attorney General