**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

NETCHOICE, LLC d/b/a NetChoice, a 501(c)(6) District of Columbia organization,

and

COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION d/b/a CCIA, a 501(c)(6) non-stock Virginia Corporation,

*Plaintiffs*,

v.

KEN PAXTON, in his official capacity as Attorney General of Texas,

*Defendant*.

Civil Action No. 1:21-cv-00840-RP

**PLAINTIFFS' OPPOSED MOTION FOR STAY
OF DISTRICT COURT PROCEEDINGS AND DISCOVERY PENDING
DEFENDANT'S APPEAL OF PRELIMINARY INJUNCTION**

After this Court preliminarily enjoined the Defendant's enforcement of Sections 2 and 7 of Texas House Bill 20 ("H.B. 20") on December 1, 2021 (Dkt. No. 51 ("Order")), Defendant appealed (and moved to stay) this Court's Order. Despite the fact that the Fifth Circuit's resolution of Defendant's appeal will resolve the core First Amendment issues at the heart of this case, Defendant will not consent to a stay of district court proceedings pending appeal. Instead, while Defendant is enjoined from infringing Plaintiffs' members' First Amendment rights through H.B. 20, he intends to pursue invasive discovery requests to accomplish the same end. The Parties' deadline to file their Rule 26(f) reports is this Friday, December 10, 2021, and counsel for Defendant has already told this Court: "We anticipate *an extensive amount of discovery* from the platforms *on every one of the causes of action* and claims and burdens that plaintiffs have made in this case."

Nov. 29, 2021 Hearing Tr. at 57:22-25 (emphases added). To preserve Plaintiffs' members' rights and to ensure that the Parties are not required to conduct inefficient dual-track litigation at the expense of two courts' resources, Plaintiffs respectfully move to stay proceedings in this Court while Defendant's appeal is pending. If either the Fifth Circuit or Supreme Court stays, reverses, or otherwise alters any portion of this Court's preliminary injunction, Plaintiffs request that this Court lift its stay to allow Plaintiffs to reassert their motion for preliminary injunction based on the grounds the Court did not rule on in its Order.

This Court may grant a stay "when a pending ruling from a higher court may affect the case at hand," and Plaintiffs meet all three factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party[;] (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Bilberry v. JPMorgan Chase Bank, N.A.*, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021) (citations omitted).

*First*, staying proceedings will prevent prejudice to Plaintiffs while not prejudicing Defendant. If anything, denying a stay would give Defendant a "tactical advantage" as he will be allowed to force Plaintiffs to divert resources in defense of themselves and their members.

Plaintiffs will be harmed absent a stay because allowing the proceedings to continue in this Court while there is a pending appeal will require Plaintiffs to simultaneously defend the injunction that safeguards their members' First Amendment rights and fend off Defendant's attempts to seek invasive discovery—striking at the core of the editorial discretion that this Court's Order protects.

Defendant will not be prejudiced by a stay. Defendant has initiated the appeal, so Defendant cannot argue that time is of the essence. Moreover, at all points in the litigation, Defendant has

tried to delay this Court's decision on Plaintiffs' motion for preliminary injunction. A brief overview of the timeline is instructive. Plaintiffs' motion for preliminary injunction was docketed October 1, 2021. Dkt. No. 12. Defendant waited almost two weeks to request a 60-day extension on his response and seek expedited discovery. Dkt. Nos. 20, 21. This Court ordered an extension and expedited discovery, allowing Defendant to file his opposition on November 22, 2021. Dkt. No. 25 at 5. After securing that extension, Defendant spent a week seeking overbroad discovery requests, "needlessly wast[ing] its very limited time to seek discovery in advance of its November 22, 2021 response deadline" and requiring Plaintiffs to (successfully) seek a protective order from this Court. Dkt. No. 36 at 2. Defendant saw no need for haste while Plaintiffs sought to defend their rights, and no haste is necessary now that Defendant has initiated an appeal.

*Second*, a stay of proceedings in this Court will conserve the Parties' and the Court's resources and simplify the case. This Court has already allowed Defendant (1) document production and depositions from five non-parties and (2) document production, depositions, and interrogatory responses from Plaintiffs. No further discovery is warranted. Plaintiffs raise facial challenges to H.B. 20, so—as this Court recognized, Order at 9—it is "unlikely that the proceedings will be fact intensive." *Nat'l Press Photographers Ass'n v. McCraw*, 504 F. Supp. 3d 568, 580 (W.D. Tex. 2020). The Fifth Circuit will rule on the core First Amendment issues, and its decision on these "pure question[s] of law," *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 662 (5th Cir. 2006), will obviate the need for any further discovery or factual development in this Court.

Indeed, the First Amendment doctrines invoked by Plaintiffs exist *precisely* to facilitate decisions with "minimal if any discovery, to allow parties to resolve disputes quickly without chilling speech through the threat of burdensome litigation." *FEC v. Wis. Right To Life, Inc.*, 551 U.S. 449, 469 (2007) (controlling plurality op. of Roberts, C.J.); *see also Gibson v. Fla. Legislative*

*Investigation Comm.*, 372 U.S. 539, 546 (1963) ("[I]t is an essential prerequisite to the validity of an investigation which intrudes into the area of constitutionally protected rights of speech . . . that the State convincingly show a substantial relation between the information sought and a subject of overriding and compelling state interest.").

This Court has already recognized that Plaintiffs' members exercise editorial discretion over their platforms. *See* Order at 8, 12, 14-17, 30. This fact is clear in light of Plaintiffs' declarations and interrogatory responses and Defendant's depositions. *See* Dkt. Nos. 12-1 to 12-7 (declarations); 39-1 to 39-8 (deposition transcripts); 48-1 to 48-2 (interrogatory responses). Moreover, as this Court noted, H.B. 20 itself—not to mention its proponents—acknowledges and seeks to prevent the platforms' editorial discretion. Order at 16-17; *id.* at 17 ("Taking it all together, case law, HB 20's text, and the Governor and state legislators' own statements all acknowledge that social media platforms exercise some form of editorial discretion, whether or not the State agrees with how that discretion is exercised.").

Furthermore, this Court's bottom-line conclusion that "[s]ocial media platforms have a First Amendment right to moderate content disseminated on their platforms" could not change based on any further facts. *Id.* at 12. Accordingly, the Court's legal conclusion that H.B. 20 Section 7 will violate those rights similarly will not change with more discovery. *Id.* at 18-19, 29. For instance, no discovery will change the fact that H.B. 20 is content-, speaker-, and viewpoint-based on its face. *Id.* at 22-26. And discovery will not cure (1) the portions of H.B. 20 this Court noted could be vague (*id.* at 25-26), (2) Defendant's lack of a sufficient governmental interest (*id.* at 18, 26-27, 30), or (3) H.B. 20's lack of tailoring (*id.* at 28).

Nor would discovery alter the Court's conclusions about Section 2. *Id.* at 19, 21-22. H.B. 20's burdens are clear on the face of the statute and are also amply demonstrated by the

undisputed and unobjected-to facts already in the record. Moreover, Section 2's infringements on editorial control are unconstitutional as a matter of law as they (1) are content-based; (2) infringe platforms' editorial discretion; and (3) compel speech. So they are subject to strict scrutiny—which they cannot satisfy for the same reason as Section 7. *See NIFLA v. Becerra*, 138 S. Ct. 2361, 2374 (2018) (collecting authorities); *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 556 (2011); *United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 812 (2000) ("content-based burdens must satisfy the same rigorous scrutiny as . . . content-based bans"); *Herbert v. Lando*, 441 U.S. 153, 174 (1979) (First Amendment prohibits any "law that subjects the editorial process to private or official examination merely to satisfy curiosity or to serve some general end such as the public interest"); *see also* Order at 22 (noting chilling effect).[1] In fact, in a similar case about compelled disclosures regarding political advertisements, the Fourth Circuit held such disclosures "intrud[ed] into the function of editors" and unconstitutionally compelled speech. *Washington Post v. McManus*, 944 F.3d 506, 518 (4th Cir. 2019) (Wilkinson, J.) (quoting *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974)).

Most importantly, this Court's Order correctly recognized that Defendant's repeated calls to investigate the platforms' human-programmed computer algorithms are "a distraction" because "decisions [regarding (un)acceptable content and presentation of content] entail[] some level of editorial discretion, [] even if portions of those tasks are carried out by software code." Order at 16.

When Plaintiffs challenged a similarly unconstitutional law in Florida, the Northern District of Florida stayed that litigation in deference to the legal proceedings in the Eleventh Circuit.

[1] At minimum, "exacting scrutiny"—used for campaign-finance disclosures—should apply. *AFP v. Bonta*, 141 S. Ct. 2373, 2383 (2021). And neither interest justifying such disclosures applies here, as HB20 is not prohibiting quid pro quo corruption among officeholders or giving voters information about officeholders and candidates. *Buckley v. Valeo*, 424 U.S. 1, 66 (1976) (per curiam) (footnote omitted). This analysis, too, is not fact-intensive.

Order Staying Proceedings at 2, Dkt. No. 129, *NetChoice, LLC v. Moody*, No. 4:21-cv-220 (N.D. Fla. Aug. 25, 2021) ("The Eleventh Circuit decision on the pending appeal will almost surely provide substantial guidance for, if it does not dictate the outcome of, further litigation in this court.").

Even if the Fifth Circuit were to rule for Defendant, Plaintiffs have two further meritorious claims (preemption and a violation of the Commerce Clause) that this Court would be able to rule on as a matter of law on remand without further discovery. *See* Order at 11 n.1 (noting that the Court did not consider Plaintiffs' preemption or Commerce Clause claims). Thus, staying the proceedings will ensure that, even if the Fifth Circuit were to reverse this Court's decision on the First Amendment, Plaintiffs will not have been subject to unnecessary trial court litigation when there are outstanding bases to preliminarily and permanently enjoin H.B. 20's enforcement.

*Third*, a stay would not affect ongoing discovery because no further discovery is necessary; and it would not defer or delay a trial. Therefore, a stay is warranted here. *Bilberry*, 2021 WL 536440, at *2.

"Given the likelihood that the [Fifth Circuit's] decision . . . will affect the instant case, the lack of undue prejudice to [Defendant], and the interests of judicial economy and consistency served by a stay," a stay is warranted. *Id.*

**CONCLUSION**

Plaintiffs respectfully move to stay proceedings in this Court while Defendant appeals this Court's preliminary injunction. If either the Fifth Circuit or Supreme Court stays, reverses, or otherwise alters any portion of this Court's preliminary injunction, Plaintiffs request that this Court lift its stay to allow Plaintiffs to reassert their motion for preliminary injunction based on the grounds the Court did not rule on in its Order.

Dated: December 7, 2021

Respectfully submitted,

*/s/ Scott A. Keller*
Scott A. Keller (Texas Bar # 24062822)
scott@lehotskykeller.com
Matthew H. Frederick (Texas Bar # 24040931)
matt@lehotskykeller.com
Todd Disher (Texas Bar # 24081854)
todd@lehotskykeller.com
LEHOTSKY KELLER LLP
919 Congress Ave.
Austin, TX 78701
T: (512) 693-8350
F: (833) 233-2202

Steven P. Lehotsky*
steve@lehotskykeller.com
Jonathan D. Urick*
jon@lehotskykeller.com
Jeremy Evan Maltz (Texas Bar # 24102129)
jeremy@lehotskykeller.com
Gabriela Gonzalez-Araiza*
gabriela@lehotskykeller.com
LEHOTSKY KELLER LLP
200 Massachusetts Avenue, NW
Washington, DC 20001

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on December 7, 2021, the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Todd Disher*
Todd Disher

**CERTIFICATE OF CONFERENCE**

I certify that on December 7, 2021, I conferred with opposing counsel regarding this motion. Defendant is opposed to this motion.

*/s/ Todd Disher*
Todd Disher