IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NETCHOICE, LLC d/b/a NETCHOICE, *a 501(c)(6) District of Columbia organization*, and COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION d/b/a CCIA, *a 501(c)(6) non-stock Virginia Corporation*, <br><br> Plaintiffs, <br><br> v. <br><br> KEN PAXTON, *in his official capacity as Attorney General of Texas*, <br><br> Defendant. | § § § § § § § § § § § § § § § | 1:21-CV-840-RP |

**ORDER**

Before the Court are Defendant Texas Attorney General Ken Paxton's (the "State") Opposed Motion for Stay Pending Appeal, (Dkt. 53), and Plaintiffs NetChoice, LLC d/b/a NetChoice, a 501(c)(6) District of Columbia organization, and Computer & Communications Industry Association d/b/a CCIA, a 501(c)(6) non-stock Virginia corporation's ("Plaintiffs") Opposed Motion for Stay of District Court Proceedings and Discovery Pending Defendant's Appeal of Preliminary Injunction, (Dkt. 55). Because the parties' dueling motions make their positions clear about how they believe a stay should be crafted for this case and because the parties have a deadline tomorrow to file their Federal Rule of Civil Procedure 26(f) report, the Court issues a ruling without waiting for response briefs to be filed.

On December 1, 2021, the Court denied the State's motion to dismiss based on standing and preliminarily enjoined the State from enforcing Sections 2 and 7 of Texas House Bill 20 ("HB 20") (the "Order"). (Order, Dkt. 51). The State filed a notice of interlocutory appeal. (Dkt. 54). In its motion to stay, the State asks this Court to stay only its preliminary injunction order or, alternatively, suspend it pending appeal. (State Mot. Stay, Dkt. 53, at 1). The State argues that (1) Plaintiffs lack

1

standing; (2) "the Order fails to identify any proper basis for concluding that HB20 violates the First Amendment;" (3) the preliminary injunction is vague and overbroad; (4) the State will be irreparably harmed; and (5) the balance of the equities weighs in favor of granting a stay. (*Id.* at 4–7, 12–14).

The State largely rehashes the same arguments this Court rejected in its Order. The State's new argument—that the preliminary injunction is overbroad—also asserts, again, that HB 20 is not unconstitutional. (*Id.* at 13). However, the Court already found that Plaintiffs are likely to establish that Sections 2 and 7 of HB 20 are unconstitutional and, as a result, fashioned a narrow, preliminary injunction. The Court is also not persuaded by the State's contention that preliminarily enjoining the enforcement of Section 2—which contains disclosure requirements—was too broad a remedy because one of Plaintiffs' members happens to already satisfy "several" disclosure requirements. (*Id.* at 13). Whether one of Plaintiffs' members makes a business decision to publish certain disclosures, even if a few of those disclosures align with Section 2's requirements, does not impact this Court's decision that the State cannot constitutionally enforce Section 2's many requirements imposed on social media platforms. Accordingly, the Court declines to stay its Order.

In their motion to stay, Plaintiffs seek to stay proceedings during the pendency of the State's appeal. (Pls. Mot. Stay, Dkt. 55). "When deciding whether to stay a case pending a higher court's decision, the Court considers '(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470-RP, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021) (quoting *Dwyer v. USAA Savings Bank*, 2017 WL 7805760, at *1 (W.D. Tex. 2017)). The Court finds that a stay of proceedings will not unduly prejudice the State, (*see* Pls. Mot. Stay, Dkt. 55, at 2–3), will simplify the issues in question and the trial in this case given that the entirety of Plaintiffs' challenge to HB 20 is now before the Fifth Circuit, and will not impact discovery or a trial date since

traditional fact discovery has not yet begun and no trial date has been set. Allowing the case to proceed would prejudice Plaintiffs given that the State anticipates "an extensive amount of discovery from the platforms on every one of the causes of action . . . plaintiffs have made in this case." (Hr'g Tr. at 57).

Moreover, Plaintiffs raised two other grounds for challenging HB 20—preemption and violation of the Commerce Clause—that were not reached by this Court. To the extent that the Fifth Circuit disagrees with the Court's First Amendment conclusions, this Court could still take up Plaintiffs' other bases for a preliminary injunction that have been briefed and are ripe for resolution. If the case moved forward and then, post-appeal, the other preliminary injunction claims were renewed before this Court, the result likely would be to inject an early-stage proceeding into a late-stage case. To preserve court resources and for judicial efficiency, whatever the posture of this case when it returns to this Court, the Court will exercise its discretion to stay this case and preserve its current posture.

Finally, the Court declines Plaintiffs' invitation to lift the stay to allow Plaintiffs to reassert their motion for preliminary injunction if "either the Fifth Circuit or Supreme Court stays, reverses, or otherwise alters any portion of this Court's preliminary injunction." (Pls. Mot. Stay, Dkt. 55, at 6). While Plaintiffs may make such a request in the future, it would be premature for the Court to enter a contingent ruling now based on another court's possible ruling. Such a request may be properly before this Court in the future but, until then, the Court will deny Plaintiffs' requested relief.

For these reasons, **IT IS ORDERED** that the State's motion to stay, (Dkt. 53), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to stay, (Dkt. 55), is **GRANTED IN PART** and **DENIED IN PART**. This case, including discovery, is **STAYED**. The Court

**DENIES WITHOUT PREJUDICE** Plaintiffs' contingent request to lift the stay based on future circumstances.

**SIGNED** on December 9, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE