**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| NETCHOICE, LLC; and COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION, | ) ) ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-00840-RP |
| | ) | |
| KEN PAXTON, in his official capacity as Attorney General of Texas, | ) ) | |
| | ) | |
| *Defendant*. | ) | |
| _____ | ) | |

**PARTIES' JOINT STATUS REPORT AND MOTION FOR BRIEFING SCHEDULE**

Plaintiffs NetChoice and Computer & Communications Industry Association and Defendant Ken Paxton, in his official capacity as Attorney General of Texas, file this joint status report pursuant to this Court's April 16, 2025, Order. The parties have conferred, and they jointly move this Court to impose a briefing order consistent with the parties' proposals below.

First, the parties agree that the litigation would benefit from this Court ruling on the scope of Texas House Bill 20 (2021) Sections 2 and 7 ("HB20"). This case is on remand from the Supreme Court and Fifth Circuit. *See Moody v. NetChoice, LLC & NetChoice, LLC v. Paxton*, 603 U.S. 707, 724 (2024); *NetChoice, L.L.C. v. Paxton*, 121 F.4th 494 (5th Cir. 2024). To resolve Plaintiffs' claims, the Supreme Court directed that, first, this Court must "assess the state laws' scope. What activities, by what actors, do[es] the law[] prohibit or otherwise regulate?" *Moody*, 603 U.S. at 725. Then, this Court must "decide which of the law['s] applications violate the First Amendment, and to measure them against the rest." *Id.* The parties agree that many of the questions about the law's scope are questions of statutory construction, rather than factual questions.

1

Accordingly, the parties also agree that they should submit briefs outlining their respective views of what HB20 Sections 2 and 7 cover. The parties propose the following briefing deadlines:

- Plaintiffs will file their brief concerning HB20 Sections 2 and7's scope on August 11, 2025, and that brief shall be no longer than 20 pages, excluding caption, tables of contents and authorities, and signature block.

- Defendant will file its brief concerning HB20 Sections 2 and7's scope on September 10, 2025; and that brief shall be no longer than 20 pages, excluding caption, tables of contents and authorities, and signature block.

Second, the parties jointly propose that NetChoice and CCIA file a second amended complaint no later than August 11, 2025. The Texas Legislature passed a law this session that amends some of the challenged provisions of HB20 Section 2—but notably does *not* amend Section 7. *See* Texas House Bill 3133 (2025), https://tinyurl.com/4eaw6aht. (This is not the same law that the parties brought to the Court's attention in their April 11, 2025 status update. *See* ECF 78. That law—Texas Senate Bill 1626—did not pass. Texas Senate Bill 1626 (2025), https://tinyurl.com/b6etk3cr.)

NetChoice and CCIA respectfully request time to consider amending their complaint to address some or all of Texas House Bill 3133's amendments. Importantly, Plaintiffs do not think that Texas House Bill 3133 bears meaningfully on HB20's scope for purposes of the parties' proposed briefing about HB20, discussed above.

Third, the parties do not believe that "filing a new case would be the most efficient course of action and provide a clearer record should legislative action affect the claims made in this case,"

2

as this Court ordered the parties to consider. As an initial matter, the Texas Legislature's amendments may not cause Plaintiffs to amend their complaint at all. In any event, the Legislature's amendments neither materially alter HB20's scope nor the arguments and issues in the case.

Accordingly, the parties jointly request that the Court impose a briefing order consistent with the mutually agreed-upon deadlines above, as reflected in the accompanying proposed order.

Dated: July 11, 2025                          Respectfully submitted,

                                              /s/ Scott A. Keller
Steven P. Lehotsky*                           Scott A. Keller (Texas Bar # 24062822)
steve@lkcfirm.com                             scott@lkcfirm.com
Jeremy Evan Maltz (Texas Bar # 24102129)      Todd Disher (Texas Bar # 24081854)
jeremy@lkcfirm.com                            todd@lkcfirm.com
LEHOTSKY KELLER COHN LLP                       LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue, NW                   408 West 11th Street, 5th Floor
Washington, DC 20001                           Austin, TX 78701
                                               T: (512) 693-8350
*Admitted *pro hac vice*                       F: (512) 727-4755


### COUNSEL FOR PLAINTIFFS

KEN PAXTON                                    RYAN G. KERCHER
ATTORNEY GENERAL                              Chief, Special Litigation Division
                                             Texas Bar No. 24060998

BRENT WEBSTER
FIRST ASSISTANT ATTORNEY GENERAL             ZACHARY W. BERG
                                             Special Counsel
                                             Texas Bar No. 24107706
RALPH MOLINA
DEPUTY FIRST ASSISTANT ATTORNEY GENERAL
                                             MARK A. CSOROS
                                             Assistant Attorney General
RYAN D. WALTERS                              Texas Bar No. 24142814
DEPUTY ATTORNEY GENERAL FOR LEGAL STRATEGY

                                             OFFICE OF THE ATTORNEY GENERAL OF TEXAS
                                             Special Litigation Division
                                             P.O. Box 12548, Capitol Station
                                             Austin, Texas 78711-2548
                                             Tel.: (512) 463-2100
                                             Ryan.kercher@oag.texas.gov
                                             Zachary.berg@oag.texas.gov
                                             Mark.csoros@oag.texas.gov


### COUNSEL FOR DEFENDANT

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 11, 2025, the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Jeremy Evan Maltz*
Jeremy Evan Maltz
