UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NETCHOICE, LLC, *ET AL.*,<br><br>    *PLAINTIFFS,*<br><br>V.<br><br>KEN PAXTON, in his official capacity as<br>Attorney General of Texas,<br><br>    *DEFENDANT.* | Case No. 1:21-cv-00840-RP |

---

## DEFENDANT'S ORIGINAL ANSWER TO SECOND AMENDED COMPLAINT

Defendant Ken Paxton, in his official capacity as Attorney General of Texas files this Original Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief (ECF No. 83).

Pursuant to FRCP 8(d), Defendant denies each and every allegation contained in Plaintiffs' Second Amended Complaint except those expressly admitted below. The headings and numbered paragraphs below correspond to the sections and numbered paragraphs of the Second Amended Complaint. Some headings are reproduced in this Answer for organizational purposes only, and Defendant does not admit any matter contained in those headings.

### DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. INTRODUCTION

1. Defendant denies that Plaintiffs are entitled to any of the relief mentioned herein.

2. Defendant admits that the quotations from *Moody* are accurately transcribed. Defendant denies the remaining allegations in this paragraph.

3. Denied.

4. Denied.

5.      Denied.

6.      Denied. Plaintiffs mischaracterize the *Moody* Court's opinion. The complete quote cited in this paragraph reads:

> Maybe the parties treated the content-moderation choices reflected in Facebook's News Feed and YouTube's homepage as the laws' heartland applications because they are the principal things regulated, and should have just that weight in the facial analysis. Or maybe not: Maybe the parties' focus had all to do with litigation strategy, and there is a sphere of other applications—and constitutional ones—that would prevent the laws' facial invalidation. *Moody v. NetChoice, LLC* and *NetChoice, LLC v.Paxton*, 603 U.S. 707, 726 (2024).

7.      Denied.

8.      Denied.

9.      Denied.

## II.   PARTIES AND STANDING

10.     Defendant admits that NetChoice purports to challenge HB20 on the basis of organizational and associational standing. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

11.     Defendant admits that CCIA purports to challenge HB20 on the basis of organizational and associational standing. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore deny them.

12.     Defendant admits that NetChoice and CCIA are parties in the cases listed in this paragraph. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

13.     Denied.

14.     Denied.

15.     Denied.

16.    Defendant admits that Plaintiffs list eight websites in this paragraph. Defendant denies the remaining allegations in this paragraph.

17.    Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations and therefore deny them.

18.    Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations and therefore deny them.

19.    Denied.

20.    Defendant admits that the quotations from *Moody* are accurately transcribed. Defendant denies the remaining allegations in this paragraph.

21.    Denied.

22.    Defendant denies that Plaintiffs' use of four out-of-context quotes in a single sentence constitutes or summarizes a holding by the *Moody* court.

23.    Denied.

24.    Defendant admits that the partial quotation from *Moody* is accurately transcribed. Defendant denies the remaining allegations in this paragraph.

25.    Defendant admits that the quotation from *Moody* is accurately transcribed. Defendant denies the remaining allegations in this paragraph.

26.    Defendant lacks knowledge or sufficient information to form a belief about the truth of this allegation due to its vagueness and overly broad citation and therefore denies it.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Defendant lacks knowledge or sufficient information to form a belief about whether this is correct as to these websites.

32.    Denied.

33.    Defendant lacks knowledge or sufficient information to form a belief about these claims and therefore denies them.

34.    Defendant lacks knowledge or sufficient information to form a belief about these claims and therefore denies them.

35.    Defendant lacks knowledge or sufficient information to form a belief about this claim related to Plaintiffs' use of algorithms in content-moderation and therefore denies it.

36.    Defendant admits that the quoted text appears on Meta's Community Guidelines. Defendant denies the remaining allegations in this paragraph.

37.    Admit.

38.    Defendant admits that the quoted text appears on Nextdoor's Community Guidelines. Defendant denies the remaining allegations in this paragraph.

39.    Admit.

40.    Defendant admits that the quoted text appears on Pinterest's Community Guidelines. Defendant denies the remaining allegations in this paragraph.

41.    Admit.

42.    Defendant admits that the quoted text appears on Reddit's Community Guideline. Defendant denies the remaining allegations in this paragraph.

43.    Admit.

44.    Defendant admits that this paragraph links to Tumblr's User Guidelines where this quote appears. Defendant denies the remaining allegations in this paragraph.

45.    Admit.

46.    Defendant admits that the quoted text appears on X's Help Center. Defendant denies the remaining allegations in this paragraph.

47.    Denied, "Page not found."

48.    Defendant admits that the quoted text appears on YouTube's Community Guidelines website. The Perma link does not evidence that YouTube prohibits pornography,

violent content, and graphic content, so Defendant denies the remaining allegations in this paragraph.

49. Admit.

50. Defendant lacks knowledge or sufficient information to form a belief about the truth of this alleged functionality of Plaintiffs' algorithms and therefore denies it.

51. Denied. Plaintiffs mischaracterize the *Corley* Court's opinion. That Court found that "some" computer code could be entitled to First Amendment protection, "although the scope of such protection remains to be determined." *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 449 (2d Cir. 2001) The Court did not find that the protection extended to algorithms, generally, and affirmed the district court's finding that limitations on the encryption software at issue did not violate the First Amendment.

52. Defendant admits that the quoted text from Footnote 5 of the *Moody* is accurately quoted. Defendant however lacks knowledge or sufficient information to form a belief about the truth of this alleged functionality of Plaintiffs' algorithms and therefore denies the remaining allegations in this paragraph.

53. Defendant admits that Ken Paxton is the Attorney General of Texas, a resident of Texas, and that he can bring an action under Bus. & Com. Code § 120.151 and Tex. Civ. Prac. & Rem. Code § 143A.008. Defendant denies the remaining allegations in this paragraph.

54. Denied.

### III.    JURISDICTION AND VENUE

55. Defendant denies that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(a). Defendant admits that Plaintiffs purport to assert claims for relief under 42 U.S.C. § 1983, 28 U.S.C. § 1651, 28 U.S.C. § 2201(a), but deny that any such claims against Defendant are valid or legally cognizable and deny the remaining allegations in this paragraph.

56.     Defendant admits that this Court has personal jurisdiction.

57.     Admit.

58.     Defendant admits that venue is proper in this district.

59.     Admit.

## IV.    FACTUAL BACKGROUND

60.     Defendant admits that the quotations from *Moody* are accurately transcribed. Defendant denies the remaining allegations in this paragraph.

61.     Defendant lacks knowledge or sufficient information to form a belief about the truth of this alleged functionality of Plaintiffs' algorithms and therefore denies it.

62.     Defendant lacks knowledge or sufficient information to form a belief about the truth of this alleged functionality of Plaintiffs' algorithms and therefore denies it.

63.     Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations and therefore denies them.

64.     Defendant admits that the quotation from *Moody* is accurately transcribed. Defendant denies the remaining allegations in this paragraph.

65.     Defendant admits that this paragraph contains links to reports published by Plaintiffs' members which claim that they remove much content posted by their customers. Defendant lacks knowledge or sufficient information to form a belief about the truth of these allegations and therefore deny them.

66.     Defendant admits that the quotation from *Moody* is accurately transcribed. Defendant denies the remaining allegations in this paragraph.

67.     Defendant admits that the quotation from the Northern District of Florida is accurately transcribed. Defendant denies the remaining allegations in this paragraph.

68.     Defendant admits that this paragraph links to the YouTube Help Center and the Instagram Help center which each contain information on parental controls. Defendant denies the remaining allegations in this paragraph.

## V.    TEXAS HOUSE BILL 20 (2021) AND HOUSE BILL 3133 (2025)

69.    Defendant admits that Plaintiffs are challenging Section 2 and Section 7 of HB20. Defendant denies the remaining allegations in this paragraph.

70.    Admit.

71.    Admit.

72.    Admit.

73.    Defendant admits that the applicability of Chapter 120 is limited to social media platforms with more than 50 million active users in the United States.  Defendant denies the remaining allegations in this paragraph.

74.    Denied.

75.    Denied.

76.    Defendant admits that the quotation from *Moody* is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

77.    Defendant admits that the quotation from *Moody* is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

78.    Denied.

79.    Defendant admits that is one of the definitions of "posting" used by the Cambridge Dictionary. Defendant denies the remaining allegations in this paragraph.

80.    Defendant admits that the Reading Law quotation at 228 is accurately cited. 228 also states that "(d)efinitions are, after all, just one indication of meaning…one that can be contradicted by other indicators." Defendant denies the remaining allegations in this paragraph.

81.    Denied.

82.    Defendant admits that HB20 § 1(3) states "social media platforms function as common carriers, are affected with a public interest, are central public forums for public debate, and have enjoyed governmental support in the United States." Defendant denies the remaining allegations in this paragraph.

83. Defendant admits that the *Moody* court stated "social-media entities." Defendant denies the remaining allegations in this paragraph.

84. Defendant admits Tex. Bus. & Com. Code § 120.001(1)(C)(i-ii) excludes from the its definition of "social media platform" an online service, application, or website that consists primarily of news, sports, entertainment, or other information or content that is not user generated but is preselected by the provider; and or which any chat, comments, or interactive functionality is incidental to, directly related to, or dependent on the provision of the content described by Subparagraph (i). Defendant denies the remaining allegations in this paragraph.

85. Denied.

86. Defendant admits that § 120.001(1)(B) excludes "electronic mail" from its definition of "social media platform." Defendant denies the remaining allegations in this paragraph.

87. Defendant admits that the *Moody* court cited the "primary purpose of posting information, comments, messages, or images" language from Tex. Bus. & Com. Code § 120.001(1). Defendant denies the remaining allegations in this paragraph.

88. It is unclear how Plaintiffs define "online marketplaces." Defendant therefore denies this paragraph.

89. It is unclear how Plaintiffs define "payment services." Defendant therefore denies this paragraph.

90. It is unclear how Plaintiffs define "ride-sharing services." Defendant therefore denies this paragraph.

91. Texas' Solicitor General told Justice Barrett during oral argument that Plaintiffs' deponent had said the only platforms they were sure were covered were Facebook, Twitter, and YouTube. That he did not "think" Etsy would be covered at the time. Defendant denies the remaining allegations in this paragraph.

92.     It is unclear how Plaintiffs define "Internet search engines." Defendant therefore denies this paragraph.

93.     Defendant admits that Tex. Bus. & Com. Code § 120.001(1) has a "primary purpose" requirement. Without specific text cited, it is unclear which part of Justice Barrett's concurrence Plaintiffs are referring to. Defendant therefore denies the remaining allegations in this paragraph.

94.     Defendant admits that the quotation from *Moody* regarding HB20 prohibiting "large social-media platforms (and maybe other entities)" from censoring based on viewpoint is accurately cited. Defendant denies the remaining allegations in this paragraph.

95.     Defendant admits that the quotation from *Moody* is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

96.     Admit.

97.     Admit.

98.     Admit.

99.     Denied.

100.    Defendant admits that the quoted footnote from *Moody* is transcribed correctly. Defendant admits that "viewpoint" is not defined within the four corners of HB20. Defendant denies the remaining allegations in this paragraph.

101.    Defendant admits that Tex. Civ. Prac. & Rem. Code § 143A.001(1) defines "censor." Defendant denies the remaining allegations in this paragraph.

102.    Defendant lacks knowledge or sufficient information to form a belief about what Plaintiffs mean by "guidance," and therefore deny this paragraph.

103.    Denied.

104.    Defendant admits that Tex. Civ. Prac. & Rem. Code § 143A.006(a) allows for censorship of sexual exploitation and violence. Defendant denies the remaining allegations in this paragraph.

105.    Defendant admits that Tex. Civ. Prac. & Rem. Code § 143A.006(a)(2) allows censoring expression that "is the subject of a referral or request from an organization with the purpose of preventing the sexual exploitation of children and protecting survivors of sexual abuse from ongoing harassment." Defendant denies the remaining allegations in this paragraph.

106.    Admit.

107.    Defendant admits that Tex. Civ. Prac. & Rem. Code §§ 143A.005 and 143A.006(a)(1) expressly provide for existing protections under federal law. Defendant denies the remaining allegations in this paragraph.

108.    Admit.

109.    Denied.

110.    Denied.

111.    Admit.

112.    Admit.

113.    Admit.

114.    Admit.

115.    Admit.

116.    Admit.

117.    Admit.

118.    Admit.

119.    Defendant admits that the quotation from *Moody* is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

120.    Admit.

## VI.    CLAIMS

121.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

122. Defendant admits that the quotation from *Moody* is accurately transcribed. The Court stated "NetChoice's decision to litigate these cases as facial challenges comes at a cost. The Court has made facial challenges hard to win." *Id.* at 723. Defendant denies the remaining allegations in this paragraph.

123. Denied.

**Count I**
**42 U.S.C. § 1983**
**Violation of the First Amendment, As Incorporated Against the States**
**Through The Fourteenth Amendment**
**(Hb20 Section 7, Tex. Civ. Prac. & Rem. Code §§ 143a.001–.008)**

124. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

125. Admit.

126. Admit.

127. Defendant admits that the quotations from *Moody* are accurately transcribed. Defendant denies the remaining allegations in this paragraph.

128. Denied.

129. Denied.

130. Defendant admits that the quotations from *Moody* are accurately transcribed. Defendant denies the remaining allegations in this paragraph.

131. Defendant admits that the quotation from *Moody* is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

132. Defendant admits that the quotations from *Moody* are accurately transcribed. Defendant denies the remaining allegations in this paragraph.

133. Defendant admits that the quotations from *Moody* are accurately transcribed. Defendant denies the remaining allegations in this paragraph.

134. Defendant admits that the quotation from *Moody* is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

135.    Defendant admits that the quotations from *Moody* are accurately transcribed. Defendant denies the remaining allegations in this paragraph.

136.    Defendant admits that the quotations from *Moody* are accurately transcribed. Defendant denies the remaining allegations in this paragraph.

137.    Denied. Plaintiffs deceptively edited this quotation from *Moody*.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Defendant admits that the quotation from City of Austin is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

142.    Defendant admits that HB20's definition of social media platform does not include an online service, application, or website that primarily consists of content that is not user generated. Defendant denies the remaining allegations in this paragraph.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Defendant admits that the quotation from *Moody* is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

148.    Defendant admits that Tex. Civ. Prac. & Rem. Code § 143A.006(a)(2)-(3) allows censoring of the sexual exploitation of children and survivors of sexual abuse, as well of criminal activity and threats of violence.

149.    Denied.

150.    Defendant admits that the quotation from *Rosenberger* is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Defendant admits that the quotation from *Moody* is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

155.    Denied.

156.    Defendant admits that the quotations from *Moody* are accurately transcribed. Defendant denies the remaining allegations in this paragraph.

157.    Defendant admits that the quotation from *Moody* is transcribed correctly. Defendant denies the remaining allegations in this paragraph. The Court however noted "a caveat: Nothing said here addresses any of the laws' other applications, which may or may not share the First Amendment problems described below." *Id.* at 727.

158.    Admit.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Defendant admits that Tex. Civ. Prac. & Rem.Code § 143A.001(1) defines "censor" as to block, ban, remove, deplatform, demonetize, de-boost, restrict, deny equal access or visibility to, or otherwise discriminate against expression." Defendant denies the remaining allegations in this paragraph.

164.    Denied.

165.    The Court in *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442 (2008) found that when examining a facial challenge against a Washington mail ballot law that they must "ask whether the ballot could conceivably be printed in such a way as to eliminate the possibility of widespread voter confusion and with it the perceived threat to the First Amendment." *Id.* at 451. Defendant denies the remaining allegations in this paragraph.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied. Plaintiffs mischaracterize the *Moody* Court's quotation about curated feeds. That section of the opinion related to how the lower courts errored by conducting such a narrow First Amendment analysis.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Defendant admits that Pinterest has "Home" and "Today" tabs. Defendant denies the remaining allegations in this paragraph.

176.    Defendant admits that X has "For You" and "Following" feeds. Defendant denies the remaining allegations in this paragraph.

177.    Defendant admits that Nextdoor has a newsfeed. Defendant denies the remaining allegations in this paragraph.

178.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

## Count II
### 42 U.S.C. § 1983
**Violation of the First Amendment, as Incorporated Against the States Through the Fourteenth Amendment**
**(HB20 Section 2, Tex. Bus. & Com. Code §§ 120.101–.102(a), .103–.104 and HB3133 Section 3, Tex. Bus. & Com. Code § 120.1015)**

179.    Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

180.    Denied.

181.    Denied. Plaintiffs deceptively quote *Moody* to suggest that the Court found that these provisions "unduly burden expression." In fact, the Court found that the answer would

likely vary among Plaintiffs' members. "Even on a preliminary record, it is not hard to see how the answers might differ as between regulation of Facebook's News Feed (considered in the courts below) and, say, its direct messaging service (not so considered)." *Id*. at 725; "And even if having to explain each removal decision would unduly burden YouTube's First Amendment rights, the same does not necessarily follow with regard to all of NetChoice's members." *Id* . at 797 (Alito, J., concurring in the judgment).

182.    Defendant admits that Tex. Bus. & Com. Code § 120.1012 is transcribed correctly. Defendant denies the remaining allegations in this paragraph.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Defendant admits that the quotations from *Milavetz* are transcribed correctly. Defendant denies the remaining allegations in this paragraph.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.   Denied.

201.   Denied.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

**Count III**
**42 U.S.C. § 1983**
**Void for Vagueness**
**(HB20 Section 7, Tex. Civ. Prac. & Rem. Code §§ 143A.001–.008)**

208.   Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

209.   Defendant admits that these case citations are transcribed correctly. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

210.   Defendant admits that First Amendment claims based on void for vagueness can be brought as facial challenges. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

## Count IV
### 42 U.S.C. § 1983
### Unconstitutional Requirement to Do Business in State
### (Part of HB20 Section 7, Tex. Civ. Prac. & Rem Code § 143A.002(A)(3))

219.    Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

220.    Defendant admits that the Constitution governs relations between the States. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

221.    Denied.

222.    Defendant admits that in *Nat'l Pork Producers Council*, the Court found that out-of-state pork producers failed to state a claim when they brought a dormant Commerce Clause claim against California for banning certain pork products. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

223.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

224.    Defendant admits that HB20 only seeks to regulate those with sufficient contacts to the State and denies that Plaintiffs are entitled to any of the relief requested herein.

225.    Denied.

226.    It is unclear what Plaintiffs mean by "mandate that companies do business in their State." Defendant therefore denies.

227.    Defendant admits that HB20 only applies to persons who reside in Texas, do business in Texas, or share or receive expression in Texas. Defendant denies the remaining allegations in this paragraph.

228.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

## Count V
### Federal Statutory Preemption Under 47 U.S.C. § 230,
### 42 U.S.C. § 1983, Supremacy Clause, and
### *Ex Parte Young* Equitable Cause of Action
### (HB20 Section 7, Tex. Civ. Prac. & Rem. Code §§ 143A.001–.008)

229. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

230. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

231. Denied.

232. Plaintiffs changed the Fifth Circuit's wording in *Salesforce* and added italics for emphasis without attribution. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

233. Defendant admits that 47 U.S.C. § 230(f)(2) defines "interactive computer service." Defendant denies that Plaintiffs are entitled to any relief under Section 230.

234. Defendant admits that 47 U.S.C. § 230(f)(4) defines "access software provider." Defendant denies that Plaintiffs are entitled to any relief under Section 230.

235. Defendant admits that 47 U.S.C. § 230(c)(2) covers civil liability. Defendant denies that Plaintiffs are entitled to any relief under Section 230.

236. Defendant admits that 47 U.S.C. § 230(c)(2)(B) states that "any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1)." Defendant denies that Plaintiffs are entitled to any relief under Section 230.

237. Defendant admits that 47 U.S.C. § 230(e)(3) states "Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section." Defendant denies that Plaintiffs are entitled to any relief under Section 230.

238. Denied.

239. Denied.

240. Denied.

## Count VI
## Equitable Relief

241. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

242.    Defendant incorporates his answers to all prior paragraphs as if fully set forth herein.

243.    Denied.

244.    Admit.

245.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

**Count VII**
**42 U.S.C. § 1983 AND 28 U.S.C. § 2201**
**Declaratory Relief**

246.    Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Defendant admits that the selections from 28 U.S.C. § 2201(a) are transcribed correctly. Defendant denies the remaining allegations in this paragraph.

251.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

252.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

**PRAYER FOR RELIEF**

A.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

B.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

C.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

D.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

E.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

F.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

G.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

H.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

I.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

J.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

K.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

L.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses to the claims raised in Plaintiffs' Amended Complaint:

1.  This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs' Amended Complaint.

2.  Plaintiffs have failed to state a claim upon which relief can be granted.

3.  Defendant asserts all applicable immunities to Plaintiffs' claims, including but not limited to his entitlement to Eleventh Amendment and sovereign immunity.

4.  Pursuant to 42 U.S.C. § 1988(b), Defendant will be entitled to recover attorney's fees if he is the prevailing party.

5.  Defendant reserves the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

Date: August 25, 2025

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

Respectfully submitted.

*/s/ Ryan G. Kercher*

RYAN G. KERCHER
Chief, Special Litigation Division
Texas Bar No. 24060998
ryan.kercher@oag.texas.gov

ZACHARY W. BERG
Special Counsel
Texas Bar No. 24107706
zachary.berg@oag.texas.gov

MARK A. CSOROS
Special Counsel
Texas Bar No. 24142814
mark.csoros@oag.texas.gov

COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically

(via CM/ECF) on August 25, 2025 and that all counsel of record were served by CM/ECF.

*/s/ Ryan G. Kercher*
**RYAN G. KERCHER**